ANTHONY ALEXIS (DC Bar #384545)
DEBORAH MORRIS (Admitted to the NY Bar)
MICHAEL G. SALEMI (IL Bar #6279741)
PATRICK GUSHUE (PA Bar #306966)
JONATHAN URBAN (CO Bar #44190)
STEPHEN JACQUES (DC Bar # 464413)
THOMAS MCCRAY-WORRALL (Admitted to the MD Bar)
thomas.mccray-worrall@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9683
Fax: 202-435-7024

Attorneys for Counter-Defendant
Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

CONSUMER FINANCIAL PROTECTION BUREAU,

        Plaintiff,

    v.

NATIONWIDE BIWEEKLY ADMINISTRATION, INC., LOAN PAYMENT ADMINISTRATION LLC, AND DANIEL S. LIPSKY,

        Defendants.

-----------------------------------------------

NATIONWIDE BIWEEKLY ADMINISTRATION, INC.,

        Counter-claimant,

    v.

CONSUMER FINANCIAL PROTECTION BUREAU,

        Counter-defendant.

Case No. 3:15-cv-02106-RS

**COUNTER-DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIMS**

| | |
|---|---|
| Hearing Date: | February 9, 2017<br>1:30 p.m. |
| Judge: | Hon. Richard Seeborg |
| Courtroom: | Courtroom 3, 17th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |

                                              Case 3:15-cv-02106-RS   Document 123   Filed 12/08/16   Page 2 of 16

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................................ii

NOTICE OF MOTION FOR SUMMARY JUDGMENT........................................................................ 1

INTRODUCTION .................................................................................................................................... 1

STATEMENT OF MATERIAL FACTS.................................................................................................. 3

   1.   The Parties ....................................................................................................................................... 3

      a.   Plaintiff / Counter-Defendant .................................................................................................... 3

      b.   Defendant / Counter-Claimant .................................................................................................. 3

      c.   The Bureau's Suit Against Defendants ..................................................................................... 4

      d.   Nationwide's Counterclaims ..................................................................................................... 4

ARGUMENT ............................................................................................................................................ 6

   1.   The Court Should Dismiss the Complaint Without Addressing the Merits..................................... 6

   2.   The Bureau Is Entitled to Summary Judgment on the Merits.......................................................... 8

CONCLUSION........................................................................................................................................ 11

CERTIFICATE OF SERVICE ................................................................................................................ 12

i

Counter-Defendant's Motion for Summary Judgment on Counterclaims
Case No. 3:15-cv-02106-RS

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*Ajetunmobi v. Clarion Mortg. Capital, Inc.*,
  595 F. App'x 680 (9th Cir. 2014) .................................................................................................. 8

*Allstate Fin. Corp. v. Financorp, Inc.*,
  934 F.2d 55 (4th Cir. 1991) ......................................................................................................... 8

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................................ 6, 8

*Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*,
  527 U.S. 666 (1999) ..................................................................................................................... 7

*Ex parte McCardle*,
  7 Wall. 506 (1868) ..................................................................................................................... 10

*Gladstone, Realtors v. Vill. of Bellwood*,
  441 U.S. 91 (1979) ..................................................................................................................... 10

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ............................................................................................................... 7, 10

*Lujan v. Nat'l Wildlife Fed'n*,
  497 U.S. 871 (1990) ................................................................................................................... 10

*Modesto Irrigation Dist. v. Gutierrez*,
  619 F.3d 1024 (9th Cir. 2010) ...................................................................................................... 8

*O'Bannon v. Town Court Nursing Ctr.*,
  447 U.S. 773 (1980) ..................................................................................................................... 7

*Rosenfeld v. JPMorgan Chase Bank, N.A.*,
  732 F. Supp. 2d 952 (N.D. Cal. 2010) .......................................................................................... 8

*Skidmore v. Swift*,
  323 U.S. 134 (1944) ..................................................................................................................... 8

*Steel Co. v. Citizens for a Better Env't*,
  523 U.S. 83 (1998) ..................................................................................................................... 10

*United States v. Mead Corp.*,
  533 U.S. 218 (2001) ..................................................................................................................... 8

*Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*,
  425 U.S. 748 (1976) ................................................................................................................ 7

**Statutes**

5 U.S.C. § 551 .............................................................................................................................. 1

12 U.S.C. § 5491 .......................................................................................................................... 3

12 U.S.C. § 5531 .......................................................................................................................... 1

12 U.S.C. § 5536 .......................................................................................................................... 1

12 U.S.C. § 5565 .......................................................................................................................... 3

15 U.S.C. § 6106(d) ..................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(1) ........................................................................................................... 1, 6

Fed. R. Civ. P. 12(b)(6) ........................................................................................................... 1, 6

Fed. R. Civ. P. 26(a)(1)(A)(i) ...................................................................................................... 5

Fed. R. Civ. P. 26(a)(1)(A)(ii) ..................................................................................................... 5

Fed. R. Civ. P. 37(c)(1) ................................................................................................................ 9

Fed. R. Civ. P. 56 ......................................................................................................................... 1

Fed. R. Civ. P. 56(a) .................................................................................................................... 6

Fed. R. Civ. P. 56(e) .................................................................................................................. 10

Fed. R. Evid. 201 ......................................................................................................................... 5

**Regulations**

Telemarketing Sales Rule, 16 C.F.R. Part 310 ............................................................................ 1

**Other Authorities**

Civ. L.R. 7-2 ................................................................................................................................ 1

**NOTICE OF MOTION FOR SUMMARY JUDGMENT**

Please take notice that on February 9, 2017, at 1:30 p.m., or as soon thereafter as counsel may be heard, Counter-defendant Consumer Financial Protection Bureau ("Bureau") will move this Court, pursuant to Civ. L.R. 7-2 and Fed. R. Civ. P. 56, for summary judgment on the Counterclaims of Counter-claimant Nationwide Biweekly Administration, Inc. ("Nationwide"), Dkt. 82, alleging violation of Nationwide's First Amendment rights, violation of Nationwide's Fifth Amendment Rights and of the Administrative Procedure Act, and for declaratory and injunctive relief.

Should this Court decline to grant the Bureau's pending Motion to Dismiss Counterclaims ("Motion to Dismiss" or "MTD"), Dkt. 86, the Court should grant summary judgment in favor of the Bureau on Nationwide's counterclaims. This Court lacks jurisdiction over Nationwide's counterclaims, there exists no issue of material fact regarding the counterclaims, and the Bureau is entitled to judgment on the counterclaims as a matter of law.

**INTRODUCTION**

In May 2015, the Bureau sued Defendants Nationwide, Loan Payment Administration LLC, and Daniel S. Lipsky (collectively, "Defendants"), alleging deceptive and abusive acts and practices in violation of the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531, 5536, and the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, with respect to Defendants' marketing and administration of a program that guaranteed consumers would save money on their mortgages through a biweekly payment program. In February 2016, Nationwide filed counterclaims alleging that the Bureau engaged in a scheme – which Nationwide dubs "Operation Chokepoint" – to pressure banks to cease doing business with Nationwide. Dkt. 67. Nationwide alleged that the Bureau's conduct violated its rights under the First and Fifth Amendments and violated the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq. See id.*

The Bureau moved to dismiss Nationwide's counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that this Court lacked jurisdiction over Nationwide's counterclaims and that Nationwide failed to state a claim for which relief could be granted. *See* Dkt. 71. This Court dismissed the counterclaims on May 23, 2016, finding that Nationwide had alleged "conclusory factual allegations

1

without an adequate basis to support plausibility." Order, Dkt. 80 at 8. In particular, the Court noted that the face of Nationwide's pleading "gives rise to an inference that the banks ended their relationships with Nationwide not as the result of any extra-judicial conduct under 'Operation Choke Point,' but in light of this action." *Id*.[1] Although the Court granted Nationwide leave to amend, it instructed Nationwide to "consider carefully whether it has a good faith basis to advance any further factual allegations in support of the counterclaims or the affirmative defense. That leave to amend has been granted does not mean it necessarily should be exercised." *Id*. at 10-11. Three weeks later, Nationwide filed its amended counterclaims. Counterclaims ("CC"), Dkt. No. 82.[2]

As noted in the Motion to Dismiss filed by the Bureau in response to the amended counterclaims, *see* Dkt. 86, Nationwide's amended counterclaims include an additional 74 paragraphs of allegations but fail either to establish this Court's jurisdiction or to allege facts that, if proven, would demonstrate that the Bureau pressured banks into terminating their relationships with Nationwide. For instance, the allegations continue to allege facts supporting the inference previously noted by the Court – *i.e.*, that it was the filing of the present lawsuit, and not "any extra-judicial conduct under 'Operation Choke Point,'" that led the banks to terminate their relationships with Nationwide. *See* Order, Dkt. 80 at 8; *see* CC ¶¶ 65, 73 (alleging that Nationwide's banks terminated their relationships with Nationwide after expressing concern about the Bureau's lawsuit). In addition, Nationwide's First and Fifth Amendment counterclaims still fail to identify how the Bureau infringed Nationwide's constitutionally protected speech, liberty, or property rights. Its APA counterclaim, which alleges that the Bureau's interpretation of the term "risk to consumers" in the Bureau's Supervision and Examination Manual is arbitrary, capricious, and in excess of the Bureau's statutory authority, fails to consider that Congress granted the Bureau authority to interpret this term and that the Bureau's interpretation is entitled to deference.

---

[1] The court declined to dismiss Nationwide's counterclaims on jurisdictional grounds, noting that it would be premature to determine if Nationwide could establish the causation and redressability elements necessary to establish standing. *See* Order, Dkt. 80 at 5-6.

[2] "CC" refers to the separately numbered allegations in Nationwide's counterclaims, which begin on page 14 of the Third Amended Answer to Complaint and Counterclaim.

2
Counter-Defendant's Motion for Summary Judgment on Counterclaims
Case No. 3:15-cv-02106-RS

Nationwide has also failed to allege facts demonstrating how the Bureau – and not independent third parties – caused its alleged injury, and therefore lacks the standing necessary to invoke this Court's subject matter jurisdiction. The Court further lacks jurisdiction over the APA counterclaims, as the Bureau's sovereign immunity has not been waived.

The course of discovery has only compounded the reasons for disposing of Nationwide's counterclaims. To date Nationwide has not offered any material fact – or identified the source of any such fact – that might establish its standing or support any of its counterclaims. Accordingly, even if this Court finds Nationwide's allegations sufficient to survive the Bureau's Motion to Dismiss, Nationwide has offered no facts that support its allegations. As discussed below, Nationwide can point to no fact establishing any action the Bureau took for the purpose of interfering with Nationwide's banking relationships, and cannot even point to any materials establishing basic facts regarding those relationships. The undisputed – and effectively empty – factual record demonstrates that there is no genuine issue as to any material fact. The Bureau therefore is entitled to summary judgment on Nationwide's counterclaims.

## STATEMENT OF MATERIAL FACTS

**1. The Parties**

    **a. Plaintiff / Counter-Defendant**

The Bureau is an independent agency charged by Congress with the responsibility of enforcing the CFPA and other Federal consumer financial laws, including the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6106(d), and its implementing regulation, the TSR. *See* 12 U.S.C. §§ 5491, 5565.

    **b. Defendant / Counter-Claimant**

Nationwide is an Ohio corporation based in Xenia, OH, that markets and sells to consumers a mortgage payment program that purports to reduce the amount of interest paid on their mortgage loans. Third Amended Answer, Dkt. 82, ¶ 6.

### c. **The Bureau's Suit Against Defendants**

The Bureau filed its present suit against Defendants on May 11, 2015, alleging that in connection with its mortgage payment program it violated the TSR and the CFPA's prohibition against unfair, deceptive, or abusive acts or practices. Dkt. 1.

### d. **Nationwide's Counterclaims**

On June 13, 2016, Nationwide filed its amended counterclaims, alleging counts regarding the violation of Nationwide's First Amendment rights (Count I), violation of Nationwide's Fifth Amendment Rights and of the Administrative Procedure Act (Count II), and for declaratory and injunctive relief (Count III). Dkt. 82. To the Bureau's knowledge, Nationwide has not obtained any facts material to these counterclaims. For instance, Nationwide propounded interrogatories and requests for production of documents regarding communications between the Bureau and Nationwide's banks. In response to these discovery requests the Bureau stated that it found no responsive information.[3] Nationwide also has not yet taken any depositions regarding its counterclaims or, to the Bureau's knowledge, obtained any relevant documents from third parties.[4] Accordingly, to the Bureau's

---

[3] *See* Exhibit 1 to McCray-Worrall Declaration (Decl.) (attached hereto as Exhibit A), Plaintiff's Answers to Defendants' First Set of Interrogatories at 2-4; Exhibit 2 to Decl., Plaintiff's Answer to Defendant's Second of Interrogatories at 2-4; Exhibit 3 to Decl., Plaintiff's Responses to Defendants' First Set of Requests for Production of Documents at 2-4; Exhibit 4 to Decl., Plaintiff's Responses to Defendant's Second Set of Requests for Production of Documents at 3-5; Exhibit 5 to Decl., Plaintiff's Supplemental Answers to Defendant's Second Set of Interrogatories at 2-4; Exhibit 6 to Decl., Plaintiff's Supplemental Responses to Defendant's Second Set of Requests for Production of Documents at 3-5.

[4] Defendants have scheduled several depositions that have yet to be taken before fact discovery closes on December 19, including depositions of TD Bank, N.A., Bank of America, N.A., BMO Harris Bank, N.A. and two former employees of U.S. Bank, N.A.. These depositions may yield facts material to Nationwide's counterclaims. In addition, the parties await Magistrate Judge Laporte's resolution of a motion for protective order filed by the State of California regarding depositions of state prosecutors, and of the parties' dispute regarding a deposition of the Bureau under Rule 30(b)(6). *See* Dkt. 111-17. On December 5, 2016, Magistrate Judge LaPorte quashed Defendants' notice of deposition of Bureau Director Richard Cordray. Dkt. 119. Should an issue or fact material to Nationwide's counterclaims arise from any deposition taken after the filing of this motion, the Bureau respectfully requests the opportunity to supplement this motion accordingly.

knowledge, Nationwide is not in possession of and has not offered any material fact that it might use to support its counterclaims.[5]

Moreover, Nationwide has not identified any source where it might obtain such facts. Although Nationwide has provided disclosures pursuant to Rule 26(a) and this Court's order,[6] Nationwide has not identified any persons likely to have discoverable information, *see* Rule 26(a)(1)(A)(i), or any documents or other information that it may use to support its counterclaims, *see* Rule 26(a)(1)(A)(ii).[7]

---

[5] Nationwide's failure to obtain relevant documents extends beyond the confines of this case. Nationwide is currently defending itself in federal court against a putative class action filed by one of its customers. *See Krogstad v. Nationwide Biweekly Admin., Inc. and Loan Payment Admin., LLC*, Civil Case No. 2:16-cv-00465-APG-CWH (D. Nev. filed Mar. 3, 2016). In the course of discovery in that case Nationwide issued subpoenas to the four banks from which it has sought discovery in this case regarding their termination of services: TD Bank, N.A.; BMO Harris, N.A.; Bank of America, N.A.; and U.S. Bank, N.A. As Nationwide itself stated in motions to compel in *Krogstad* regarding its subpoenas to TD Bank and U.S. Bank, the documents and information Nationwide sought in *Krogstad* are identical to those Nationwide has sought in this case – *i.e.*, any communications between the banks "and (a) the CFPB, (b) the Monterey County D.A.'s office, (c) the other three banks, (d) [the bank's] customers, or (e) the United States Office of the Comptroller of the Currency regarding Defendants [Nationwide and LPA]." *See* Exhibit 7 to Decl., Memorandum in Support of Motion to Compel U.S. Bank (U.S. Bank Mem.), *Krogstad*, ECF No. 24-2 at 3; Exhibit 8 to Decl., Memorandum in Support of Motion to Compel TD Bank (TD Bank Mem.), *Krogstad* ECF No. 34-2 at 3. Nationwide acknowledged to the court that each bank "represented that it had no documents or information responsive to any of these requests." U.S. Bank Mem. at 3; TD Bank Mem. at 3. Pursuant to Fed. R. Evid. 201, the Bureau respectfully requests that the Court take judicial notice of these and related filings in *Krogstad*, including Nationwide's acknowledgment that the banks in *Krogstad* have stated that they have no documents or information regarding the information sought by Nationwide.

[6] *See* Order Setting Initial Case Management Conference and ADR Deadlines, Dkt. 4 at 2 (setting deadline of August 13, 2015 for Rule 26(a) disclosures). *See also* Exhibit 9 to Decl., Defendants' Rule 26(a)(1)(A) Initial Disclsosures [sic] at 3.

[7] In Defendants' initial disclosures under Rule 26(a)(1)(A)(i) regarding individuals likely to have discoverable information, Defendants only identified individuals who might have information regarding Defendants' defenses to the Bureau's affirmative claims. *See* Exh. 7 at 3 (identifying individuals who may "support their defense"). In their disclosures under Rule 26(a)(1)(A)(ii) regarding documents that might support their claims or defenses, Defendants identified three categories of information, none of which relates to Nationwide's counterclaims. *See id.* at 4 (identifying documents produced by the Bureau regarding its "Civil Investigation Demands," e-mails relating to the Bureau's allegations, and Defendants' marketing materials). Although Defendants made their initial disclosures before Nationwide filed its counterclaim, Nationwide has not made any subsequent disclosures, whether pursuant to Rule 26(a)(1)(A) or its ongoing obligation under Rule 26(e)(1)(A) to supplement its initial disclosures.

5
Counter-Defendant's Motion for Summary Judgment on Counterclaims
Case No. 3:15-cv-02106-RS

Nationwide has provided no supplementary disclosures regarding such information, as required under Rule 26(e)(1)(A).

## ARGUMENT

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). In addition to the jurisdictional and legal deficiencies of Nationwide's counterclaims, its failure to establish any material fact in support of its counterclaims entitles the Bureau to judgment on Counterclaims I through III.

**1. The Court Should Dismiss the Complaint Without Addressing the Merits.**

The Court should dismiss Nationwide's counterclaims pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6) without addressing the merits of Nationwide's claims because Nationwide has not demonstrated – and, as set forth in the Bureau's Motion to Dismiss, cannot demonstrate – that it is entitled to relief on any of its counterclaims. Rather than repeat its arguments in support of dismissal under Fed. R. Civ. P. 12(b)(1) and (b)(6), the Bureau incorporates the arguments made in its Motion to Dismiss and accompanying Reply and offers a summary of those arguments below. *See* Dkt. 86, 94.

First, as set forth in the Motion to Dismiss, Nationwide has failed to allege facts establishing how the Bureau coerced banks into terminating their relationships with Nationwide. *See* MTD at 9-11. Rather than heed this Court's admonition to consider whether it had a "good faith basis to advance any further factual allegations," Dkt. No. 80 at 11, Nationwide simply padded its original allegations – which it had copied and pasted from another case – with voluminous background regarding the history of what it calls Operation Chokepoint. *See* MTD at 9. Conspicuously absent from these 74 paragraphs of irrelevant material is any factual allegation that would directly support Nationwide's core claim: namely, that the Bureau pressured banks into terminating their relationships with Nationwide. *See id.* at 9-10. Indeed, the only explanation Nationwide manages to propose actually undermines its theory of the case. Nationwide alleges that it was the Bureau's lawsuit – rather than any backroom tactics – that

6

Counter-Defendant's Motion for Summary Judgment on Counterclaims
Case No. 3:15-cv-02106-RS

prompted the banks to terminate their business with Nationwide. *Id*. at 10 (discussing CC ¶¶ 65, 73).  In light of these concessions and factual deficiencies Nationwide's counterclaims should be dismissed.

Second, this Court lacks jurisdiction over the counterclaims. *See id*. at 11-15.  As a threshold issue, Nationwide fails to allege the causation and redressability prongs necessary to invoke this Court's jurisdiction. *See id*. at 11 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).  As noted in the Motion to Dismiss, the counterclaims fail to establish how the Bureau's alleged actions caused the banks to sever their relationships, or how the relief Nationwide seeks would induce these non-parties to reestablish those relationships. *See id*. at 11-12.  This Court also lacks power to review Nationwide's APA counterclaims.  The Bureau's sovereign immunity has not been waived with respect to these claims, as the activities at issue are committed to agency discretion by law and cannot be considered "final" or "agency action." *See id*. at 12-15.

Third, Nationwide's First and Fifth Amendment claims are fatally deficient. *See id*. at 16-22.  Its First Amendment claim fails because the Bureau alleges that Nationwide engaged in false and misleading commercial speech – a category the Supreme Court has repeatedly held does not enjoy heightened First Amendment protection. *See id*. at 16 (citing *Va. State Bd. of Pharmacy v. Va. Citizens Consumer Council, Inc.*, 425 U.S. 748, 771-72 (1976)).  Nationwide also fails to identify any restriction on that commercial speech, other than the Bureau's lawful request for injunctive relief should this Court eventually determine that Nationwide illegally engaged in misleading marketing and advertising. *Id*. at 18.

Nationwide's Fifth Amendment claim fares no better. *See id*. at 18-20.  The counterclaims identify no constitutionally protected interest, nor any deprivation of that interest by the government.  Nationwide asserts only an economic interest in its business – an interest the Supreme Court has made clear does not rise to the level of constitutionally protected property interest. *See id*. at 19 (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999)).  Nor does Nationwide allege that the Bureau deprived it of any right.  Rather, it merely alleges that the Bureau's conduct led another party to take action that caused it harm.  Such indirect action does not suffice to state a due process claim. *See id*. at 20 (discussing *O'Bannon v. Town Court Nursing Ctr.*, 447 U.S.

7

Counter-Defendant's Motion for Summary Judgment on Counterclaims
Case No. 3:15-cv-02106-RS

773, 789 (1980)).  Finally, Nationwide's APA counterclaim regarding the Bureau's definition of "risk to consumers" also fails as a matter of law.  *See id*. at 20-21.  Because Congress expressly granted the Bureau authority to supervise very large banks in order to detect "risks to consumers" without defining the term, the Bureau has discretion to interpret the term and is entitled to deference in that interpretation. *See id*. at 21-22 (citing *Modesto Irrigation Dist. v. Gutierrez*, 619 F.3d 1024, 1033 (9th Cir. 2010), *United States v. Mead Corp.*, 533 U.S. 218, 234-35 (2001); *Skidmore v. Swift*, 323 U.S. 134, 140 (1944)).[8]

### 2. The Bureau Is Entitled to Summary Judgment on the Merits.

As noted above, Nationwide's counterclaims are inadequate as a matter of law and should be dismissed on that basis alone.  No set of facts can rescue Nationwide's legally deficient claims. However, should this Court decide to reach the merits of Nationwide's counterclaims, judgment should be entered in favor of the Bureau.  There are no disputes of material fact at issue in this case for the simple reason that Nationwide has offered no facts material to its counterclaims, nor has it identified persons or documents that might have information relevant to those claims.  As the Supreme Court has stated, no issue remains for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Anderson*, 477 U.S. at 249-50 (citation omitted).  Because summary judgment may be granted where the proffered evidence is "merely colorable" or "not significantly probative," *see id*., it is warranted where, as here, such evidence is wholly absent. Accordingly, where a defendant has "offered no affidavits, depositions, or other discovery documents," summary judgment should be granted.  *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58-59 (4th Cir. 1991).

---

[8] Nationwide's remaining claim for declaratory and injunctive relief under Count III cannot survive as a standalone claim, as "[d]eclaratory and injunctive relief are remedies, not causes of action."  MTD at 16 n.9 (quoting *Ajetunmobi v. Clarion Mortg. Capital, Inc.*, 595 F. App'x 680, 684 (9th Cir. 2014), *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010)).

Here, Nationwide's failure is even more fundamental.  Nationwide has not only failed to offer any discovery materials that might support its claims, it has not identified in its Rule 26 disclosures any person or document that might be a source of material facts.  *See* Statement of Facts, Part 1.d, *supra*.  Accordingly, Nationwide has identified no source of admissible evidence to support its claims.  *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial").  Nationwide therefore is without means to prove the basic factual predicates of its counterclaims – *i.e.*, that it had longstanding banking relationships and that those relationships were terminated shortly after the Bureau filed suit.[9]  Nationwide has produced no evidence (or identified any person or document that might yield such evidence) that might establish the existence of such relationships, the history of those relationships, the types of accounts that were terminated, or the reasons offered by the banks for termination.  In the absence of such basic facts regarding its banking relationships, Nationwide cannot go on to prove – and has offered no facts to prove – that the Bureau pressured banks into terminating those relationships.

Nationwide has also failed to offer any facts to support its First Amendment or Fifth Amendment counterclaims, let alone any facts that would cure those claims of their legal deficiencies.  It has not offered any facts establishing that its claims concern anything but commercial speech, or that the Bureau engaged in any conduct that restricted that speech.  Similarly, it has not offered any facts indicating that its Fifth Amendment claims involve anything but purely economic interests, or that the Bureau deprived it of any due process right.

---

[9] For instance, Nationwide alleges that it "received letters from each of its four banks indicating that Nationwide's banking services would be terminated," CC ¶ 73, that the banks "refus[ed] to provide a reason for the termination," CC ¶ 74, that it had "longstanding banking relationship [sic] with the banks," CC ¶ 78, that "no other event transpired that would cause Nationwide's long-term banking partners to terminate their relationships," CC ¶ 78, that its "banking relationships went from excellent to terminated in about 60 days after CFPB published the names of its bankers," CC ¶ 79, and that "every bank that Nationwide contacted declined to provide banking services to Nationwide." CC ¶ 84. Nationwide has not identified any source of information to support these allegations, nor any documents or testimony that might actually prove them.

Nationwide has similarly failed to establish that it has standing necessary to maintain this Court's jurisdiction. At the motion to dismiss stage this Court declined to dismiss Nationwide's claims on jurisdictional grounds, noting that it would be "premature" to determine whether Nationwide could satisfy "either the causation or redressibility elements of standing." Dkt. 80 at 5-6. Such a determination is no longer premature, as Nationwide now bears the burden of submitting facts that a factfinder could find support standing. As the Supreme Court has stated, "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)) (second alteration in original). In contrast, at the summary judgment stage claimants such as Nationwide "can no longer rest on such 'mere allegations,' but must 'set forth' by affidavit or other evidence 'specific facts,' which for purposes of the summary judgment motion will be taken to be true." *Id.* (quoting Fed. R. Civ. P. 56(e), *Gladstone, Realtors v. Vill. of Bellwood*, 441 U.S. 91, 115 n. 31 (1979)). With respect to causation, Nationwide has offered no facts establishing that the Bureau exerted pressure on Nationwide's banks, or that such pressure caused the banks to sever their relationships with Nationwide. With respect to redressability, Nationwide has failed to heed this Court's instruction to offer facts establishing that "the banks are looking for a resolution of this litigation in Nationwide's favor as a condition to resuming the business relationship." Dkt. 80 at 6. Having failed to offer such facts to establish its standing, this Court lacks jurisdiction over Nationwide's counterclaims. Given these jurisdictional defects, "the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citing *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

In light of Nationwide's failure to offer factual support for any of its counterclaims, the Bureau is entitled to summary judgment. The Bureau is also entitled to summary judgment because Nationwide has failed to establish that this Court has jurisdiction over its counterclaims, and because it has pled claims whose structural deficiencies no set of facts can cure. *See* Part 1, *supra*.

# CONCLUSION

For the reasons stated above, the Court should grant summary judgment in favor of the Bureau on Nationwide's counterclaims.

Dated:  December 8, 2016                              Respectfully submitted,

| | |
|---|---|
| MARY MCLEOD | ANTHONY ALEXIS |
| General Counsel | Enforcement Director |
| | |
| JOHN R. COLEMAN | DEBORAH MORRIS |
| Deputy General Counsel | Deputy Enforcement Director |
| | |
| ANNE H. TINDALL | MICHAEL G. SALEMI |
| Assistant General Counsel | Assistant Litigation Deputy |

/s/ Thomas McCray-Worrall
Thomas McCray-Worrall
thomas.mccray-worrall@cfpb.gov
202-435-9683
*Litigation Attorney*

Patrick Gushue
patrick.gushue@cfpb.gov
202-435-9671
Jonathan Urban
jonathan.urban@cfpb.gov
202-435-7371
Stephen Jacques
Stephen.jacques@cfpb.gov
202-435-7368
*Enforcement Attorneys*

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Counter-Defendant's Notice of Motion and Motion for Summary Judgment on Counterclaims was served on December 8, 2016, via ECF upon counsel of record in this action:

> John D. Smith
> 140 North Main Street, Suite B
> Springboro, Ohio 45066
>
> Sean Ponist
> Georgia Schneider
> Law Office of Sean Ponist, P.C.
> 100 Pine Street, Suite 1250
> San Francisco, CA 94111
>
> Allyson Baker
> Venable LLP
> 575 7th Street, NW
> Washington, DC 20004
>
> Christopher Stock
> 119 East Court Street
> Suite 530
> Cincinnati, OH 45202

/s/ Thomas McCray-Worrall
Thomas McCray-Worrall
thomas.mccray-worrall@cfpb.gov
202-435-9683
*Litigation Attorney*

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

Counter-Defendant's Motion for Summary Judgment on Counterclaims
Case No. 3:15-cv-02106-RS