UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>v.<br><br>NATIONWIDE BIWEEKLY ADMINISTRATION, INC., et al.,<br><br>Defendants. | Case No. 15-cv-02106-RS<br><br>**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE, AND VACATING CASE MANAGEMENT CONFERENCE** |

This is a civil enforcement action, brought by the Consumer Financial Protection Bureau ("CFPB"), a federal agency, alleging that defendants have violated the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531(a), 5536(a), 5564(a), 5565, and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(d) and implementing regulations, in connection with a service or product they sold known as the "Interest Minimizer." Defendants Nationwide Biweekly Administration, Inc., Loan Payment Administration LLC, and Daniel S. Lipsky (collectively "Nationwide") responded with counterclaims alleging, in essence, that CFPB acted wrongfully by engaging in extra-judicial "back-room pressure tactics " designed to coerce Nationwide's banking partners to cease doing business with it, and that those tactics succeeded. Nationwide contends that, as a result, it has effectively lost the ability to provide Interest Minimizer services to approximately 130,000 customers.

CFPB's motion to dismiss the counterclaims was previously granted, (and certain "affirmative defenses" were stricken) for reasons set out in the order on that motion and discussed

in some detail at the hearing. Broadly speaking, the prior order found that Nationwide had failed to set out sufficient plausible facts to show that, (1) CFPB had participated in allegedly wrongful conduct as part of the so-called "Operation Choke Point" program, or (2) that the banks terminated their relationships with Nationwide as the result of any such participation by CFPB in Operation Chokepoint, or any other allegedly wrongful extra-judicial conduct.

The prior order cautioned Nationwide to give careful consideration whether it could, in good faith, allege additional facts sufficient to address the identified pleading shortcomings. Nationwide elected to file amended counterclaims with additional material directed at showing CFPB's participation in Operation Choke Point, and offered to support a reasonable inference that the filing of this suit and activities within the litigation were not the sole reasons the banks terminated their relationships with Nationwide.

CFPB again moves to dismiss, arguing that the additional factual allegations remain unduly conclusory and fail to show any wrongful extra-judicial conduct by it in connection with Operation Chokepoint or otherwise, and that the only plausible inference remains that banks terminated their relationships in response to CFPB's lawful resort to legal process. Although it is understandable why CFPB insists the amendments have accomplished less than the prior order intimated would be necessary, Nationwide has now presented factual allegations—and arguments regarding the inferences reasonably to be drawn from those averments—that a decision on the basis of the pleadings alone would not be appropriate.[1]

For the same reasons discussed in the prior order, CFPB's additional arguments regarding jurisdiction, standing, and sovereign immunity all fail. Whether Nationwide will be able to present enough evidence to create a triable issue of fact and, if so, then to persuade a trier of fact that the inferences it advances should be adopted, are questions for a later day.[2] Accordingly, the

---

[1] Although CFPB may be correct that Nationwide's opposition relies in part on factual assertions not set out in the amended counterclaims, the presence or absence of those specific allegations in the pleading is not dispositive.

[2] CFPB has now filed a motion seeking summary judgment on Nationwide's counterclaims. While the fact of that filing has not affected the conclusions of this order, and without any

motion to dismiss must be denied.

For similar reasons, CFPB's motion to strike the ninth affirmative defense (an amended version of the prior tenth affirmative defense) also must be denied. Whatever merit the challenges to that defense may still have, the matter no longer is suitable for disposition merely on the pleadings alone. Finally, the motion to strike paragraph 36 of the third amended answer is denied, on the basis that the amendments thereto, even if not strictly authorized, are non-substantive. Nationwide, however, will be held to its representation that the legal effect of the paragraph as amended does not differ from that of the prior version.

In light of the parties' joint case management conference statement, the case management conference set for December 15, 2016 is vacated. The parties' joint request that the Scheduling Order be corrected to provide that "Rebuttal disclosures / reports" and the "expert discovery cut-off" dates are January 30, 2017 and March 2, 2017," respectively, is hereby granted.

The parties are directed to continue their efforts to resolve all outstanding discovery issues, with such assistance of the assigned magistrate judge as may be necessary, as expeditiously as possible. The Court notes CFPB's concern regarding the relatively short interval between the presently set hearing date on its motion for summary judgment and the trial date. Appropriate scheduling relief may be sought, or may be granted *sua sponte*, if it appears that a ruling on the summary judgment motion likely cannot be issued sufficiently in advance of the parties' obligations to comply with the various pre-trial deadlines.

---

implication as to how likely or not it will be that triable issues remain, it is worth noting that having a record on which to evaluate the parties' arguments may be more illuminating that attempting to do so on the face of the pleadings.

**IT IS SO ORDERED**.

Dated:  December 13, 2016

RICHARD SEEBORG
United States District Judge