SEAN E. PONIST (CA SBN 204712)
sponist@ponistlaw.com
GEORGIA Z. SCHNEIDER (CA SBN 251358)
gschneider@ponistlaw.com
LAW OFFICES OF SEAN PONIST, P.C.
100 Pine Street, Suite 1250
San Francisco, California 94111
Telephone: (415) 798-2222
Fax: (888) 350-5442

JOHN D. SMITH (admitted *pro hac vice*)
**JOHN D. SMITH CO., LPA**
jsmith@johndsmith.com
140 N. Main Street, Suite B
Springboro, Ohio 45066
Telephone: (937) 748-2522
Fax: (937) 748-2712

***Attorneys for Defendants Nationwide Biweekly Administration, Inc., Loan Payment Administration, LLC, and Daniel S. Lipsky And Counterclaimant Nationwide Biweekly Administration, Inc.***

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONWIDE BIWEEKLY ADMINISTRATION, INC., LOAN PAYMENT ADMINISTRATION LLC, and DANIEL S. LIPSKY,<br><br>Defendants. | Case No. 3:15-cv-02106-RS<br><br>**MOTION FOR 15 DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT ON COUNTERCLAIM**<br><br>Hearing Date: February 9, 2017 at 9:00 a.m.<br>Judge: Hon. Richard Seeborg<br>Magistrate: Hon. Elizabeth Laporte<br>Courtroom: Courtroom 3, 17th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC.,<br><br>Counter-claimant,<br><br>vs.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>Counter-defendant. | |

## I. INTRODUCTION

Pursuant to Local Rules 6-3 and 7-11, Defendants Nationwide Biweekly Administration, Inc., Loan Payment Administration, LLC, and Daniel S. Lipsky (collectively, "Nationwide") hereby move the Court for an order extending the deadline to file a memorandum in opposition to Consumer Financial Protection Bureau's ("Bureau") Motion for Summary Judgment (Dkt. No. 122) as set forth in the Court's Order in Dkt. No. 105 to January 20, 2017. The deadline to file a memorandum in opposition is January 5, 2016. A brief extension is necessary for the following reasons:

1. Nationwide's Counterclaim alleges the Bureau interfered with its banking relationships. It was made clear the purpose of Rule 30(b)(6) depositions noticed of its four former banks and the Bureau was to gain relevant and admissible evidence to the Counterclaim. Due to objections and scheduling conflicts, Nationwide has been unable to depose the Bureau and three of its former banks.

2. Prior to the discovery cutoff, the Bureau agreed to Nationwide taking the depositions of T.D. Bank, N.A., BMO Harris Bank, N.A., and Bank of America, N.A in January 2016. The Bureau objected to a rule 30(b)(6) deposition of its agency. Nonetheless, it stated it was willing to cooperate and not interfere with trial preparation or the scheduled trial date in the event the Court ordered the deposition must go forward. The dispute as to the Rule 30(b)(6) deposition was put before the Magistrate on November 22, 2016.

3. The Magistrate ordered "discovery relating to the counterclaims will not go forward until the Court rules on [Bureau's] pending motion to dismiss." Dkt. No. 140. The Bureau's Motion to Dismiss was denied. Dkt. No. 139. Therefore, Nationwide is entitled to a rule 30(b)(6) deposition of the Bureau, and the Bureau must be will be willing to cooperate and not disrupt trial preparation, including Nationwide's ability to oppose the Bureau's Motion for Summary Judgment relating to the Counterclaim.

The Bureau refuses to stipulate to a fifteen-day extension. Nationwide requested an extension on 12/21/16, providing ample explanation why logic and justice both require an additional fifteen days for Nationwide to respond. Nonetheless, the Bureau refused even though it was well aware of the purpose and need for the requested depositions in regard to Nationwide's Counterclaim.

## II. BACKGROUND

On October 14, 2016, the Court issued a new scheduling order (Dkt. No. 105) that superseded the previous scheduling order (Dkt. No. 56). The current order states: (1) the dispositive motion deadline was

12/8/16; (2) fact-discovery cutoff ended on 12/19/16; and (3) the deadline to file a memorandum in opposition deadline is 1/5/16. Dkt. No. 105.

As part of fact-discovery relating to its Counterclaim, Nationwide issued Rule 30(B)(6) notices of deposition and discovery requests to: (1) the Bureau; (2) former U.S. Bank, N.A. employee Alain Kamdem ("Kamdem"); (3) Bank of America, N.A.; (4) BMO Harris Bank, N.A.; and (5) TD Bank, N.A. Smith Decl., at ¶1. The Bureau was noticed on November 1, 2016. Smith Decl., at ¶2. Kamdem was served with a subpoena on November 13, 2016. Smith Decl., at ¶3. Pursuant to Local Rule 30-1, Nationwide met and conferred with the Bureau to determine dates for each bank's deposition. Smith Decl., at ¶5. The dates were tentatively set for 12/12/16, 12/14/16, 12/15/16, and 12/19/16. Smith Decl., at ¶5. The Bureau objected to a rule 30(b)(6) deposition of its agency. Smith Decl., at ¶6.

Each bank notified Nationwide the scheduled dates were unavailable. Smith Decl., at ¶7. In response, Nationwide met and conferred with the Bureau to take depositions scheduled after the Fact-Discovery deadline. Smith Decl., at ¶7. It was made clear to the Bureau that Nationwide intended to take the deposition of each bank in the pursuit of evidence related to its Counterclaim. Smith Decl., at ¶8. The Bureau agreed to set aside 1/3/16-1/9/16 (by 2 p.m.) as additional dates to depose each bank after the fact-discovery cutoff. Smith Decl., at ¶9. The TD Bank, N.A. deposition is scheduled for January 6, 2017, one day after the opposition deadline. Smith Decl., at ¶10.

The Rule 30(b)(6) deposition of the Bureau also sought evidence relevant to its Operation Choke Point Counterclaim. Smith Decl., at ¶11. The Bureau's counsel vehemently opposed any Rule 30(b)(6) deposition. Smith Decl., at ¶12. Meet and confers were had in November to discuss some resolution. Smith Decl., at ¶12. No resolution was reached. Smith Decl., at ¶12. On 11/22/16, a joint discovery dispute letter was submitted. Dkt. No. 116. On December 2, 2016, the Bureau requested a hold on the proposed Rule 30(b)(6) deposition. Smith Decl., at ¶13. The Bureau stated it was willing to work cooperatively with Nationwide to schedule a deposition in a way that will not interfere with trial

preparation or the trial date. Smith Decl., at ¶13; *see also* "Email Exchange re Rule 30(b)(6) deposition" attached as Exhibit A. A subsequent phone conference was held with Magistrate Laporte in regard to the Rule 30(b)(6) deposition of the Bureau on 12/13/16. Smith Decl., at ¶14. The resulting docket entry stated, in pertinent part, "Discovery shall not go forward on issues relating to the [c]ounterclaim until the Court has ruled on the pending Motion to Dismiss." Dkt. No. 140. This Court denied the Bureau's Motion to Dismiss. Dkt. No. 139. As such, Nationwide believes it may go forward with a discovery deposition of the Bureau in regard to the Counterclaim. Moreover, the deposition of Kamdem went forward on 12/12/16. Smith Decl., at ¶15. Kamdem testified to a number of relevant issues. Smith Decl., at ¶15. Specifically, Kamdem described a conference call between different levels of management where U.S. Bank, N.A. chose to terminate its relationship with Nationwide solely due to the Bureau's involvement. Smith Decl., at ¶15.

## III. ARGUMENT

The depositions of the remaining banks and Bureau will lead to relevant and admissible information demonstrating the Bureau's connection with the termination of Nationwide's banking services. Absent a Court Order extending the memorandum in opposition deadline, Defendants will be greatly prejudiced in defending the Bureau's Motion for Summary Judgment on its Counterclaim.

### A. STANDARD OF REVIEW

"Pretrial scheduling orders may be modified if the dates scheduled 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Civil Local Rule 6-3 sets forth the specific requirements for a motion to change time and requires that such a motion be accompanied by a declaration that:

(1) Sets forth particularity, the reasons for the requested enlargement…of time;
(2) Describes the efforts the party has made to obtain a stipulation to the time change;
(3) Identifies the substantial harm or prejudice that would occur if the Court did not change the time; and
(4) …

(5) Discloses all previous time modifications in the cases, whether by stipulation or Court order;

(6) Describes the effect the requested time modification would have on the schedule of the case.

**B. IT IS LIKELY FACTS EXIST IN THE POSSESSION OF THE REMAINING THREE BANKS AND THE BUREAU THAT WILL CREATE A DISPUTE AS TO MATERIAL FACT RELATING TO THE BUREAU'S COUNTERCLAIM.**

The Counterclaim alleges the Bureau improperly interfered with Nationwide' banking relationships. The notice of deposition for each bank lists two topics[1] directly relevant to the Counterclaim. From the Kamdem deposition, alone, Nationwide uncovered material facts addressing (1) the reason for U.S. Bank, N.A.'s termination of Nationwide's banking relationship; (2) the timing of termination; and (3) the internal process that led to the termination. It is anticipated Nationwide will gain similar and additional information as to the remaining three banks' decision to terminate its ACH services. These additional depositions will produce facts that create a material dispute as to the Counterclaim. Without access to such information, Nationwide is substantially harmed in its ability to defend against the Bureau's motion for summary judgment.

Under Magistrate Laporte's Order, Nationwide is entitled to discovery from the Bureau. Dkt. No. 140. The Order held Nationwide's discovery relating to the Counterclaim may not go forward until a ruling on the Bureau's Motion to Dismiss is made. This Court ruled the Bureau's Motion was denied on 12/13/16. Therefore, Nationwide may now go forward with discovery and depose the Bureau as to the Counterclaim. As such, Nationwide should be allowed additional time to conduct discovery before submitting its memorandum in opposition to the Bureau's Counterclaim.

**C. NATIONWIDE MUST NOT BE PREJUDICED IN THE DEFENSE OF ITS COUNTECLAIM ON SUMMARY JUDGMENT BECAUSE OF THE BUREAU'S OWN OBJECTION TO A RULE 30(b)(6) DEPOSITION OF THE AGENCY.**

---

[1] [1]"YOUR TERMINATION of service including, but not limited to, ACH and depository services, for DEFENDANTS" and [2] "YOUR policies and procedures on THIRD PARTY RELATIONSHIPS and THIRD PARTY RISK as they RELATE TO DEFENDANTS."

Nationwide anticipated the Bureau filing a Motion for Summary Judgment on the Counterclaim. For this reason, Nationwide served a Notice of Deposition and Document Request on the Bureau on 11/1/2016, six weeks prior to the fact discovery cutoff. Both the Notice and Document listed a number of topics pertaining to the Counterclaim. The Bureau continues to be obstinate. It ignores (1) the Magistrate's Order allowing discovery to go forward in regard to the Counterclaim and (2) its own promise to cooperate in the event the Court found a Rule 30(b)(6) deposition of its agency warranted. A denial of current motion herein will reward the Bureau's obstinate behavior, at the cost and prejudice of Nationwide's right to defend its Counterclaim on summary judgment.

Nationwide's proposal to extend the deadline to file a memorandum in opposition to January 20, 2017 and a reply deadline to February 3, 2017 is reasonable considering the Bureau has been on notice since November 2016. Moreover, the Bureau explicitly stated that if a Rule 30(b)(6) deposition of its agency was ordered, it would neither interfere with trial preparation nor the trial date. Under the Bureau's admission, the trial date is not affected.

## IV. CONCLUSION

For the foregoing reasons, Nationwide respectfully moves the Court for an extension of the deadline to respond to the Bureau's Motion for Summary Judgment on Nationwide's Counterclaim.

Dated: December 22, 2016 JOHN D. SMITH

By: /s/ John D. Smith
John D. Smith

***Attorneys for Defendants Nationwide Biweekly Administration, Inc., Loan Payment Administration, LLC, and Daniel S. Lipsky and Counterclaimant Nationwide Biweekly Administration, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on December 22, 2016, via ECF upon counsel of record in this action:

Stephen Jacques
Thomas Mccray-Worrall
Patrick Gushue
Patrick.Gushue@cfpb.gov
202-425-9671
*Enforcement Attorney*
Jonathan Urban
jonathan.urban@cfpb.gov
202-435-7371
*Enforcement Attorney*

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 2055i

**JOHN D. SMITH CO., LPA**

*/s/ John Smith*

John D. Smith

***Attorney for Defendants Nationwide Biweekly Administration, Inc., Loan Payment Administration, LLC, and Daniel S. Lipsky***