ANTHONY ALEXIS (DC Bar #384545)
DEBORAH MORRIS (Admitted to the NY Bar)
MICHAEL G. SALEMI (IL Bar #6279741)
PATRICK GUSHUE (PA Bar #306966)
JONATHAN URBAN (CO Bar #44190)
STEPHEN JACQUES (DC Bar # 464413)
THOMAS MCCRAY-WORRALL (Admitted to the MD Bar)
Patrick.Gushue@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9671
Fax: 202-435-7329

Attorneys for Plaintiff
Consumer Financial Protection Bureau

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

CONSUMER FINANCIAL PROTECTION BUREAU,

Plaintiff,

v.

NATIONWIDE BIWEEKLY ADMINISTRATION, INC., LOAN PAYMENT ADMINISTRATION LLC, AND DANIEL S. LIPSKY,

Defendants.

--------------------------------------------

NATIONWIDE BIWEEKLY ADMINISTRATION, INC.,

Counter-claimant,

v.

CONSUMER FINANCIAL PROTECTION BUREAU,

Counter-defendant.

Case No. 3:15-cv-02106-RS

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR 15 DAY EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNTERCLAIM**

Hon. Richard Seeborg

Pursuant to L.R. 6-3(b), Plaintiff Consumer Financial Protection Bureau ("Bureau") respectfully submits this response in opposition to the motion for a 15-day extension of time filed by Defendants Nationwide Biweekly Administration, Inc. ("Nationwide"), Loan Payment Administration LLC, and Daniel S. Lipsky (collectively, "Defendants") (Dkt. 145). For the reasons stated below, the Court should deny Defendants' request for a third extension of the scheduling order. Or, in the alternative, if the Court grants Defendants' motion to extend briefing on the pending motions for summary judgment, the Bureau requests that the Court further modify the scheduling order by extending all remaining case deadlines consistent with the Court's previous scheduling orders, as proposed in the Bureau's attached Proposed Order.

**STATEMENT OF FACTS**

Defendants filed their original counterclaims on February 2, 2016. *See* Dkt. 67. Defendants waited three months before conducting any discovery on these counterclaims. On May 13, 24 and 27, 2016, Defendants served the Bureau with discovery requests relating to Defendants' counterclaims, to which the Bureau responded that no documents or communications existed between the Bureau and Defendants' banks relating to the Defendants.[1] See Declaration of Jonathan Urban ("Urban Decl."), ¶ 12. On May 18 and 19, 2016, Defendants served six banks with subpoenas seeking, *inter alia*, communications relating to their counterclaims. *See* Urban Decl., ¶ 3. However, on June 3, 2016, the Defendants withdrew their subpoenas to the six banks without explanation. *See id*. ¶ 3. Defendants waited five more months before serving the Bureau or any third parties with discovery requests or subpoenas relating to the Defendants' counterclaims. *See id*. ¶ 5.

In that five-month interim, Defendants requested and received two extensions of the discovery schedule. On July 21, 2016, Defendants requested – and the Bureau stipulated to – a seven-week extension of fact discovery from September 22, 2016 until November 10, 2016. Dkt. 92; *see also* Dkt. 96 (order adopting proposed schedule). Nearly three months after their

[1] On June 15, 2016 and again on December 5, 2016, the Bureau responded to Defendants' Interrogatories and Requests for Documents confirming that it had "conducted a reasonable search and found no documents or communications." See Urban Decl., ¶ 12.

first request for an extension, Defendants on October 11, 2016 again moved the Court to extend fact discovery by an additional five weeks, to December 19, 2016. *See* Dkt. 102. The Court granted Defendant's extension request. *See* Dkt. 105.

Despite these multiple extensions of fact discovery, Defendants waited until November 1, 2016 and November 21, 2016 – eight months after filing their counterclaims, and only seven weeks before the close of fact discovery – before serving the Bureau with a notice of deposition under Fed. R. Civ. P. 30(b)(6) and subpoenas for the bank depositions at issue in the present motion. *See* Urban Decl., ¶ 5-6. Meanwhile, Defendants failed to timely coordinate with the banks to ensure that bank representatives would be available for the depositions and, as a result, Defendants ultimately cancelled all three of the proposed depositions only 10 days before the close of fact discovery. *See id*. ¶ 7. Despite Defendants' failure to conduct the depositions prior to the close of fact discovery, the Bureau agreed to reschedule the bank depositions on dates in the first and second weeks of January. *See id*. ¶ 8.

With respect to the Defendants' Rule 30(b)(6) deposition notice to the Bureau served on November 1, the Bureau asserted various objections to the eight individual "Matters for Testimony."[2] *See id*. ¶ 9. The Bureau objected, for example, to Defendants' matters for testimony relating to a purported "Fee Sharing Agreement" with the Marin and Monterrey District Attorneys' offices that does not exist. *See id*. ¶ 9. The Bureau asserted its objections in a joint discovery letter to Magistrate Judge Laporte, who denied several of Defendants' matters for testimony and deferred consideration of others. *See id*. ¶ 10. The Bureau continues to object to the remaining matters for testimony, which are cumulative, duplicative, and a waste of the parties' resources, but has offered to move forward with a Rule 30(b)(6) deposition of the Bureau if Judge Laporte orders that testimony be taken on any of the remaining 30(b)(6) matters. *See id*. ¶ 11.

[2] The Bureau disputes the Defendants' characterization of many of the discovery events described in their Motion. The Bureau disputes, for example, that "the Bureau's counsel vehemently opposed any Rule 30(b)(6) deposition." Dkt. 145 at 2. The Bureau has not objected to the taking of a 30(b)(6) deposition, but has properly asserted its objections to individual "Matters for Testimony."

## ARGUMENT

The Court should deny Defendants' Motion for 15 Day Extension because Defendants have failed to exercise diligence in conducting discovery over the past 10 months. Defendants waited until less than 7 weeks before the fact discovery deadline – a deadline which Defendants themselves requested after seeking two separate extension requests – to notice depositions regarding their counterclaims and therefore did not pursue facts with reasonable diligence. Moreover, Defendants' outstanding discovery is unreasonably cumulative, duplicative, and a waste of the parties' and the Court's resources. If the Court ultimately grants the Defendants' motion for an extension, the Bureau requests that the Court adopt similar timetables for the reply brief, oral argument, and subsequent case deadlines reflected in the Court's previous scheduling orders, as proposed in the Bureau's attached Proposed Order. [3]

### I. Defendants have not diligently pursued fact discovery.

Federal Rule of Civil Procedure Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16's "good cause" standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). A party's "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. Rule 16 requires parties to "diligently attempt to adhere to [the case] schedule throughout the subsequent course of the litigation." *Weaver v. Tampa Inv. Grp., LLC*, 2012 WL 6652495, at *2 (N.D. Cal. Dec. 20, 2012).

Here, Defendants have not diligently pursued discovery in this action and have not set forth good cause for an extension of the briefing schedule. Dkt. 96 and 105. Between May 27,

[3] Although Defendants' motion seeks only an extension of time for the Defendants to respond to the Bureau's Motion for Summary Judgment on the Counterclaims, Dkt. 123, Defendants' Proposed Order seeks to move all the briefing dates on the dispositive motions. Defendants have not put forth an argument for an extension of time for responses to the Bureau's Motion for Summary Judgment on the Bureau's claims, Dkt. 124, or Defendants' Motion for Summary Judgment on the Bureau's claims, Dkt. 132, and the Bureau opposes an extension of time for responses to either Motion.

2016 and November 1, 2016 – over 5 months – Defendants did not serve a single discovery request or subpoena on any party seeking facts to support their counterclaims. Defendants waited until November 1, 2016 to serve a Rule 30(b)(6) Notice on the Bureau and until November 21, 2016 to serve the bank subpoenas at issue in this motion. Despite delaying their discovery efforts until such a late date, Defendants proceeded without diligent regard for the deadlines they themselves requested in this case. Defendants failed to timely coordinate with the banks to ensure that they could attend the depositions and thus – with only days remaining before the close of discovery – Defendants cancelled all of its banks depositions.

Notwithstanding Defendants' failure to comply with the fact discovery deadline that had twice been extended at their request, the Bureau agreed to accommodate Defendants' request to cooperate in rescheduling these depositions.[4] That agreement did not extend to granting Defendants yet another extension of the briefing schedule in this matter. Having failed to plan these depositions with reasonable diligence, Defendants now claim that the current schedule – the schedule for which Defendants moved the Court on October 11, 2016 – impairs their ability to litigate this action.

Although the Bureau believes that additional discovery will yield no additional facts in support of Defendants' counterclaims, a request for modification depends not on whether such information might be obtained but on whether the party requesting the modification has exercised due diligence. *See Johnson*, 975 F.2d at 609. Defendants have repeatedly sought extensions of the discovery schedule yet have failed to demonstrate diligence in actually conducting discovery. Defendants delayed issuing their discovery requests until weeks before

[4] Defendants' outstanding discovery is unnecessarily cumulative, duplicative, and a waste of parties' and the Court's resources. Specifically, Defendants seek oral testimony from the Bureau and the banks on "communications exchanged between the CFPB and [Defendants' banks]" related to Defendants, but this topic is duplicative of written discovery previously served on the Bureau and the banks seeking the production of such documents or communications. *See* Urban Decl., ¶ 9-11. The Bureau responded to this written discovery on June 15, 2016 and again on December 5, 2016, informing Defendants that no responsive documents or communications exist. *See id.*, ¶ 12. According to filings by Defendants in another matter, the banks responded to similar written discovery in that matter, and each "represented that it had no documents or information responsive to any of these requests." *See id.*, ¶ 13.

the close of discovery, and then failed to exercise basic diligence in ensuring that the banks could appear for deposition. Such carelessness "is not compatible with a finding of diligence." *Id*. In consideration of the Defendants' failure to exercise diligence in conducting fact discovery, Defendants have not shown "good cause" to amend the scheduling order. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.").

## II. If the Court grants a further modification of the scheduling order, all subsequent dates should be extended accordingly

If the Court finds that Defendants have established good cause for a further modification of the scheduling order, the Bureau respectfully requests that the Court extend remaining deadlines consistent with the timelines in the previous scheduling orders, including two weeks for reply briefs and three weeks for oral arguments. Such modifications would serve the interests of judicial economy and efficiency by allowing the parties sufficient time to brief dispositive motions that may eliminate or narrow issues for trial. Moreover, extending all subsequent deadlines will allow the parties to efficiently prepare for trial in light of the Court's decisions on the parties' summary judgment motions.

## CONCLUSION

For the foregoing reasons, the Bureau respectfully requests that the Court deny Defendants' motion or, in the alternative, modify the briefing schedule and scheduling order as proposed in the Bureau's attached proposed order.

Dated: December 27, 2016.

ANTHONY ALEXIS
Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

MICHAEL G. SALEMI
Assistant Litigation Deputy

/s/ Jonathan Urban
Jonathan Urban
jonathan.urban@cfpb.gov
202-435-7371
Patrick Gushue
patrick.gushue@cfpb.gov
202-435-9671
Stephen Jacques
stephen.jacques@cfpb.gov
202-435-7368
*Enforcement Attorneys*

Thomas McCray-Worrall
thomas.mccray-worrall@cfpb.gov
202-435-9683
*Litigation Attorney*

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on December 27, 2016, on the counsel of record in this action.

/s/ Jonathan Urban
Jonathan Urban
jonathan.urban@cfpb.gov
*Enforcement Attorney*

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552