UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONWIDE BIWEEKLY ADMINISTRATION, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02106-RS<br><br>**ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT AND ADMINISTRATIVE MOTION TO AMEND THE SCHEDULING ORDER** |

## I. INTRODUCTION

In this civil enforcement action, plaintiff Consumer Financial Protection Bureau ("the CFPB") contends defendants have violated the Consumer Financial Protection Act of 2010 ("CFPA"), 12 U.S.C. §§ 5531(a), 5536(a), 5564(a), 5565, and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(d) and implementing regulations, in connection with a service or product they sold known as the "Interest Minimizer." The parties bring a total of three motions for partial summary judgment: the CFPB seeks judgment on three of its four affirmative claims for relief, and on the counterclaims brought by defendants against it; defendants, in turn, seek summary adjudication that the CFPB's claims are barred by the statute of limitations.

Pursuant to Civil Local Rule 7-1(b), the motions are suitable for disposition without oral argument, and the hearing set for February 9, 2017 is vacated. For the reasons set out below, the

motions will be denied.  In light of this disposition, the CFPB's pending motion for administrative relief from the present scheduling order presents no compelling grounds to extend any deadlines, and it will be denied.

## II.  LEGAL STANDARD

Summary judgment is proper "if the pleadings and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The purpose of summary judgment "is to isolate and dispose of factually unsupported claims or defenses." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings and admissions on file, together with the affidavits, if any which it believes demonstrate the absence of a genuine issue of material fact." *Id*. at 323 (citations and internal quotation marks omitted).  If it meets this burden, the moving party is then entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of the case with respect to which he bears the burden of proof at trial. *Id*. at 322-23.

The non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  The non-moving party cannot defeat the moving party's properly supported motion for summary judgment simply by alleging some factual dispute between the parties.  To preclude the entry of summary judgment, the non-moving party must bring forth material facts, *i.e.*, "facts that might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  The opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 588 (1986).

The court must draw all reasonable inferences in favor of the non-moving party, including questions of credibility and of the weight to be accorded particular evidence. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496 (1991) (citing *Anderson*, 477 U.S. at 255); *Matsushita*, 475

U.S. at 588 (1986).  It is the court's responsibility "to determine whether the 'specific facts' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *T.W. Elec. Service v. Pacific Elec. Contractors*, 809 F.2d 626, 631 (9th Cir. 1987).

Notwithstanding all of the above, the *Anderson* court specifically noted, "[n]either do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255.

## III.  DISCUSSION[1]

### A.  The CFPB's motion for partial summary judgment on its affirmative claims

The CFPB's complaint advances four counts.  Count 1 alleges defendants engaged in "Abusive Acts or Practices in Violation [of] the CFPA" by representing that consumers will save money by enrolling in the Interest Minimizer program, when, according to the CFPB, during the first several years of enrollment consumers often will pay more in fees than they will save, and consumers are "unlikely to understand that."

Count 2 asserts defendants engage in various "Deceptive Acts or Practices in Violation of the CFPA," including direct or indirect misrepresentations regarding: (1) how much consumers will save through the program, and when those savings will be realized; (2) whether consumers will save without increasing the amount they pay each month; (3) whether consumers could achieve the same savings without enrolling in the program; (4) the amount and existence of the program set-up fee, and; (5) whether defendants are affiliated with the consumers' lenders.

Count 3 alleges, in effect, that the same conduct violates the Telemarketing Sales Rule

---

[1] Additional background facts and contentions have been recounted in prior orders and will not be repeated here.

1  ("TSR") promulgated under the Telemarketing and Consumer Fraud and Abuse Prevention Act,

2  and Count 4 claims that the TSR violation circularly establishes a further CFPA violation.

3  The CFPB's motion for summary judgment on its affirmative claims is directed at only

4  counts 2, 3, and 4.  Because the first claim is based on all or nearly all of the same set of facts, it is

5  far from clear how granting the motion—even if doing so were otherwise warranted on the

6  record—would serve the purpose of summary judgment "to isolate and dispose of factually

7  unsupported claims or defenses." *Celotex*, 477 U.S. at 323-24. Granting the motion—if

8  warranted—would achieve no significant reduction in the issues and evidence at trial.  Rather, this

9  appears to be a clear instance where discretion to deny the motion lies because, "there is reason to

10  believe that the better course would be to proceed to a full trial." *Anderson*, 477 U.S. at 255.

11  Moreover, even if the motion has been directed at all of the claims for relief, the CFPB

12  simply has not shown that the intrinsically factual nature of claims sounding in consumer

13  deception are amenable to disposition as a matter of law on the present record.  Accordingly, the

14  motion is denied.

16  B.  <u>The CFPB's motion for summary judgment on the cross-claims</u>

17  Defendants' cross-claims were the subject of two rounds of motion practice at the pleading

18  stage.  The order on the initial motion to dismiss set out a number of reasons that the cross-

19  complaint's allegations of an "extra-judicial" effort by the CFPB to interfere with defendants'

20  banking relationships were not sufficient to cross the plausibility threshold, and why the only

21  reasonable inference at that juncture was that the banks had terminated their relationships with

22  defendants merely as the result of this lawsuit.

23  A second motion to dismiss, however, was denied, because defendants presented

24  additional factual allegations—and arguments regarding the inferences reasonably to be drawn

25  from those averments—that a decision on the basis of the pleadings alone would not have been

26  appropriate.  The CFPB filed its motion for summary judgment before the order on the second

27  motion to dismiss issued.  Its attempt to dispose of the counterclaims on summary judgment is

understandable in light of the observations of the first order regarding the plausibility of what had then been alleged. Even the second order, which permitted the counterclaims to go forward, allowed for the possibility that a more fulsome record on summary judgment might support a disposition in CFPB's favor.

At this point, the direct evidence tying the CFPB to any actionable wrongs remains thin. Nevertheless, defendants have pointed to enough inferences potentially arising from all the circumstances under which their banking partners terminated the relationships, that it would be premature to conclude as a matter of law no reasonable fact finder could find in their favor. Accordingly, the motion is denied.

### C. Defendants' motion for summary judgment on statute of limitations defense

Defendants seek summary judgment that the CFPB's claims are time-barred because, they contend, "CFPB would have discovered the facts that provide the basis of this action" outside the statute of limitations, if it had "acted with reasonable diligence." While the CFPB disputes whether the "reasonable diligence" discovery rule even applies in these circumstances, that issue need not be decided here. Even assuming the CFPB may be held to a reasonable diligence standard, it has shown that a reasonable trier of fact could conclude from the present record that it brought this action on a timely basis after it discovered or "should have discovered" the alleged violations to which the action relates. Accordingly, the motion is denied.

### D. CFPB's motion for administrative relief

The CFPB seeks to amend the current scheduling order to move the currently-scheduled March 23, 2017 pretrial conference and the April 24, 2017 trial date to May 11, 2017 and June 12, 2017, respectively (or to such other dates as may be convenient to the court).[2] Although CFPB

---

[2] The CFPB also seeks to extend the deadline for dispositive motions. As this order disposes of those motions, that request is moot.

points to various ongoing discovery matters and a generally heavy trial-preparation schedule as additional factors supporting its request, the primary concern it presents is the short time interval between the scheduled summary judgment hearing and the pretrial conference.  While that concern may have been reasonable, the issuance of this order eliminates it.  Accordingly, the motion is denied.

## IV.  CONCLUSION

The parties' respective motions for summary judgment, and the CFPB's administrative motion to amend the scheduling order are denied.

**IT IS SO ORDERED**.

Dated: February 6, 2017

_____
RICHARD SEEBORG
United States District Judge