ANTHONY ALEXIS (DC Bar #384545)
DEBORAH MORRIS (Admitted to the NY Bar)
MICHAEL G. SALEMI (IL Bar #6279741)
PATRICK GUSHUE (PA Bar #306966)
JONATHAN URBAN (CO Bar #44190)
STEPHEN JACQUES (DC Bar # 464413)
THOMAS MCCRAY-WORRALL (Admitted to the MD Bar)
ELIZABETH FRANCE (DC Bar #999851)
thomas.mccray-worrall@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9671
Fax: 202-435-7329
Attorneys for Counter-defendant
Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | Case No. 3:15-cv-02106-RS |
| Plaintiff, | **COUNTER-DEFENDANT'S MOTION IN LIMINE TO EXCLUDE COMMUNICATIONS AND TESTIMONY OF WITNESSES** |
| v. | |
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., LOAN PAYMENT ADMINISTRATION LLC, AND DANIEL S. LIPSKY, | Judge: Hon. Richard Seeborg<br>Courtroom: Courtroom 3, 17th Floor<br>450 Golden Gate Ave.<br>San Francisco, CA 94102 |
| Defendants. | |
| ---------------------------------------------- | |
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., | |
| Counter-claimant, | |
| v. | |
| CONSUMER FINANCIAL PROTECTION BUREAU, | |
| Counter-defendant. | |

## MOTION TO EXCLUDE COMMUNICATIONS AND TESTIMONY OF WITNESSES

Counter-defendant Consumer Financial Protection Bureau (Bureau) moves this Court, pursuant to this Court's Standing Order Guidelines for Final Pretrial Conference ¶ D(2),[1] to exclude previously undisclosed communications and testimony of previously undisclosed witnesses for Counter-claimant Nationwide Biweekly Administration, Inc. (Nationwide). Specifically, the Bureau seeks to exclude previously undisclosed communications with the Ohio Attorney General's Office, to exclude testimony of Sonia Himmelberg provided in her individual capacity, and to exclude testimony of Glenn V. Whitaker, Helen Mac Murray, and any previously unnamed or undetermined individuals at T.D. Bank, N.A.; Bank of America, N.A.; BMO Harris Bank, N.A.; Charles Schwab; and JP Morgan Chase Bank.

Nationwide has failed to timely disclose communications and witnesses likely to have discoverable information that Nationwide may use to support its claims or defenses, pursuant to Federal Rules of Civil Procedure 26(a)(1) and (e). Instead, it filed two supplemental disclosures either on the very last day of fact discovery or more than a month after its close. Having failed to timely provide the required Rule 26(a)(1) or 26(e) disclosures, Nationwide may not use these communications or call these witnesses at trial. *See* Fed. R. Civ. P. 37(c)(1). This Court should therefore grant the Bureau's motion in limine and bar Nationwide from using previously undisclosed information at trial.

### STATEMENT OF ISSUES TO BE DECIDED

Whether, pursuant to Federal Rule of Civil Procedure 37(c)(1), Nationwide is barred from using communications or calling witnesses that it failed to timely disclose under Federal Rules of Civil Procedure 26(a)(1) or 26(e).

### STATEMENT OF RELEVANT FACTS

On May 11, 2015, the Bureau commenced this action, alleging that Nationwide engaged in deceptive and abusive acts or practices in violation of the Consumer Financial Protection Act of 2010, 12 U.S.C. §§ 5531, 5536, and the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. § 6105(d), and its implementing regulation, the Telemarketing Sales Rule, 16 C.F.R. §§ 310.1-9

---

[1] While the Bureau's Motion to Strike Nationwide's Jury Demand remains pending, it is unclear whether the parties should follow this Court's Guidelines for Final Pretrial Conference in Bench Trials or Guidelines for Final Pretrial Conference in Jury Cases. However, the same requirements for filing motions in limine apply under what is ¶ D(2) in each set of Guidelines.

(2010). Dkt. No. 1. Nationwide filed counterclaims alleging violations of its First and Fifth Amendment rights and the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and seeking declaratory and injunctive relief on February 2, 2016. *See* Dkt. 67.

Nationwide initially filed its counterclaims on February 2, 2016, and filed amended counterclaims on June 13, 2016. *See* Dkt. Nos. 67, 82. Nationwide had previously filed initial disclosures pursuant to Fed. R. Civ. P. 26(a) regarding the Bureau's claims on August 23, 2015. *See* Exhibit 1 to Decl. of Thomas McCray-Worrall attached hereto as Exhibit A. However, Nationwide did not file any disclosures pursuant to Fed. R. Civ. P. 26(a) or (e) regarding its counterclaims until 8:33 P.M. E.S.T. on December 19, 2016 — the cut-off date for fact discovery under the Court's order, *see* Dkt. No. 105. *See* Exhibits 2 and 3 (attached to Exhibit A). Nationwide's disclosures of December 19, 2016 listed "[u]ndetermined individuals" at T.D. Bank, N.A.; Bank of America, N.A.; BMO Harris Bank, N.A.; Charles Schwab; and JP Morgan Chase Bank as having discoverable information that Nationwide might use to support its counterclaims. *See* Exhibit 3 at 3-4 (attached to Exhibit A). The disclosures provided no further information about these individuals, and they currently remain unidentified.

On January 31, 2017, nearly a month and a half after the close of fact discovery, Nationwide served a third set of Rule 26 supplemental initial disclosures. *See* Exhibit 4 (attached to Exhibit A). This third set of supplemental disclosures listed Sonia Himmelberg, Glenn V. Whitaker, and Helen Mac Murray as individuals having discoverable information. Nationwide had not previously disclosed these individuals or made them known to the Bureau as individuals likely to have discoverable information that Nationwide might use to support its counterclaims. Prior to the close of discovery, Nationwide provided a declaration by Ms. Mac Murray, but this declaration made no mention of Nationwide's counterclaims. *See* Dkt. No. 110-7. Sonia Himmelberg became known to the Bureau in her capacity as a 30(b)(6) witness for T.D. Bank at a deposition held on January 6, 2017 but was not previously disclosed as a person who, in her individual capacity, was likely to have discoverable information that Nationwide might use to support its counterclaims. Additionally, the third set of disclosures Nationwide provided after the close of fact discovery referred to "[c]ommunications with the Ohio Attorney General's Office regarding its investigation of and/or regulation of [Nationwide]." *See* Exhibit 4 at 7.

Nationwide had not previously disclosed that it might use these communications to support its counterclaims. *See* Exhibits 1, 3.

## ARGUMENT

### I. Nationwide's Second and Third Supplemental Initial Disclosures Are Untimely, and This Court Should Bar Nationwide from Presenting Evidence Derived from Them at Trial

Nationwide's Second and Third Supplemental Initial Disclosures were not made in a timely manner, and the information contained therein was not otherwise made known during the discovery process or in writing. This failure to disclose after over seven months of fact discovery was neither substantially justified nor harmless, and any evidence derived from the Second and Third Supplemental Initial Disclosures must be excluded under Federal Rule of Civil Procedure 37(c)(1).

#### A. The Information in Nationwide's Second and Third Supplemental Disclosures Was Neither Timely Disclosed Nor Otherwise Made Known in Discovery

Nationwide's supplemental disclosures were untimely, having been made either on the last day of fact discovery or over a month after its close. Under Federal Rule of Civil Procedure 26(e), a party must supplement information about witnesses and documents that it may use to support its claims or defenses. *See* Fed. R. Civ. P. 26(e) (requiring supplementation of materials subject to disclosure under Rule 26(a)); Fed R. Civ. P. 26(a)(1)(A) (listing types of information that must be initially disclosed, including potential witnesses and documents). Supplemental disclosures must be made "in a timely manner if the party learns that in some material respect the [initial] disclosure is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). A court may exclude witnesses made in untimely disclosures that "deprive[] the [opposing party] of the opportunity to serve additional discovery requests to determine which of [the] witnesses had useful information, and to depose those witnesses." *Hill v. U.S. Dept. Of Homeland Sec.*, 570 F. App'x. 667, 669 (9th Cir. 2014).

Courts in this circuit and across the country consistently agree that disclosures made on the last day of discovery are untimely. *See, e.g.*, *Forbes v. 21st Century Ins. Co.*, 258 F.R.D. 335, 338–39 (D. Ariz. 2009); *Robins v. Nationwide Mut. Ins. Co.*, No. 3:12–CV–02034, 2013 WL 6191953, at *4 (M.D. Pa. Nov. 26, 2013); *Semi-Tech Litigation LLC v. Bankers Trust Co.*, 219 F.R.D. 324, 325 (S.D.N.Y. 2004). Nationwide's Second Supplemental Disclosures were made at 8:33 P.M. on the last day of fact discovery, which was far too late for the Bureau to "serve additional discovery requests to determine

3

Counter-defendant's Motion in Limine to Exclude Communications and Testimony of Witnesses
Case No. 3:15-cv-02106-RS

which of [the] witnesses had useful information, and to depose those witnesses." *Hill*, 570 F. App'x. at 669.  Supplemental disclosures made after a deadline's passage are even more plainly untimely, as this Court has recognized on several occasions.  *See, e.g.*, *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D. 677, 680 (N.D. Cal. 2015); *Mariscal v. Graco, Inc.*, 52 F. Supp. 3d 973, 980–81 (N.D. Cal. 2014).  Nationwide's Third Supplemental Disclosures were made over a month after the judicially mandated cut-off and thus violated Rule 26(e).

Nor had the information in Nationwide's disclosures "otherwise been made known to the [Bureau] during the discovery process or in writing."  Fed. R. Civ. P. 26(e)(1)(A).  While Nationwide might argue that declarations produced in discovery mention the witnesses included in the supplemental disclosures, "a passing reference . . . to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations."  *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 863 (9th Cir. 2014).  This Court has made clear that Rule 26's exception to the formal supplementation requirement does not impose on the adverse party "the burden to pick out particular filings and depositions" and infer which individuals referenced might have discoverable information.  *See Asyst Techs., Inc. v. Empak, Inc.*, No. C 98-20451 JF, 2006 WL 3302476, at *2 (N.D. Cal. Nov. 14, 2006).  "[W]itnesses must be adequately disclosed," and Nationwide failed to do so.  *Finjan, Inc. v. Proofpoint, Inc.*, No. 3:13-cv-05808-HSG (HRL), 2015 WL 9900617, at *2 (N.D. Cal. Oct. 26, 2015).

Additionally, Nationwide's references to "[u]ndetermined individual(s)" at five different organizations wholly fail to satisfy the disclosure requirements of Rule 26.  *See Kempf v. Barrett Bus. Servs., Inc.*, 336 F. App'x. 658, 661–62 (9th Cir. 2009) (a party's "purported inability" to identify a witness "either lacks credence or demonstrates an inexcusable failure to fully investigate the case"); *Pinterest, Inc. v. Pintrips, Inc.*, No. 13–cv–04608–HSG, 2015 WL 2268498, at *6 (N.D. Cal. May 14, 2015) (a party's failure to contact or disclose a witness whose contact information was part of an exhibit to that party's counterclaim for over a year did not excuse late Rule 26(a) disclosure).  Nationwide was required to make disclosures based on information that is "reasonably available," and there is no reason that it could not obtain the relevant contact information after over seven months of fact discovery.  *See* Fed. R. Civ. P. 26(a)(1)(E).

---

4

Counter-defendant's Motion in Limine to Exclude Communications and Testimony of Witnesses
Case No. 3:15-cv-02106-RS

### B. Nationwide Is Barred from Using Witnesses and Communications Initially Identified in the Supplemental Disclosures at Trial

Nationwide's supplementary disclosures do not satisfy the requirements of Rule 26, and the information contained therein must be excluded from trial. *See* Fed. R. Civ. P. 37(c)(1). Under Federal Rule of Civil Procedure 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* "The party facing sanctions bears the burden of proving that its failure to disclose the required information was substantially justified or is harmless." *R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1246 (9th Cir. 2012). Rule 37's exclusion sanction is "automatic," "self-executing," and meant to "provide[] a strong inducement for the disclosure of material." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101,1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37 advisory committee's note (1993)).

Nationwide's late disclosures were not substantially justified. Unlike other parties that have shown substantial justification for their conduct, Nationwide cannot show that its delay was "attributable to reasons outside [of its] control." *Pineda v. City and Cty. of San Francisco*, 280 F.R.D. 517, 521 (N.D. Cal. 2012). A delay might be substantially justified where the law concerning disclosures is unsettled,[2] the opposing party has engaged in dilatory conduct,[3] or where the party facing sanctions could not reasonably anticipate that it might rely on untimely disclosed witnesses,[4] but none of those justifications apply to Nationwide's dilatory conduct. Nationwide knew long ago that it might rely on evidence provided by Ms. Mac Murray, as she served as its counsel during the Bureau's CID process, and Mr. Whitaker had served as Nationwide's counsel following the filing of the Bureau's complaint.

---

[2] *See Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (noting that law was unsettled with respect to obligation to disclose information on individual basis); *Kelly v. MTS Inc.*, 5 F. App'x. 755, 757 (9th Cir. 2001) (explaining that Supreme Court recognition of a new affirmative defense necessitated a new expert's testimony).

[3] *Kelly*, 5 F. App'x. at 757.

[4] *See Wong v. Regents of University of California*, 410 F.3d 1052, 1062 (9th Cir. 2004) (distinguishing substantial justification where "the necessity of the witness could not have been reasonably anticipated at the time the [expert] lists were exchanged"); *Fonseca v. Sysco Food Services of Arizona, Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) (holding that a "late disclosure was substantially justified because it was made shortly after [pro se plaintiff] learned of the discrimination against [his co-worker].").

Rather than notify the Bureau in a timely manner that Nationwide might rely on these witnesses, Nationwide waited until the evening of the discovery deadline to make these last-minute disclosures.

This dilatory conduct was not harmless. Failures to disclose that cause "[d]isruption to the schedule of the court and other parties" are not harmless, even where the ultimate trial date is "still some months away." *Wong*, 410 F.3d at 1062. Even absent disruption to a court's schedule, failures to disclose are not harmless where, as here, they "depriv[e] the [opposing party] of the opportunity to serve additional discovery requests . . . and to depose [] witnesses." *Hill*, 570 F. App'x. at 669. The Bureau cannot serve additional discovery requests on the numerous witnesses identified by Nationwide without the leave of Court. Whether the Court must alter its schedule as in *Wong* or the Bureau must be deprived of the opportunity to conduct discovery as in *Hill*, Nationwide's delay is not harmless. Exclusion is the appropriate sanction for Nationwide's harmful and unjustified violations of Rule 26.

## CONCLUSION

For the reasons stated above, the Court should bar the use of any witnesses and communications initially identified in Nationwide's Second and Third Supplemental Initial Disclosures at trial.

Date: March 13, 2017                                      Respectfully submitted,

    MARY MCLEOD                                  ANTHONY ALEXIS
    General Counsel                                     Enforcement Director

    JOHN R. COLEMAN                              DEBORAH MORRIS
    Deputy General Counsel                         Deputy Enforcement Director

    ANNE H. TINDALL                                 MICHAEL G. SALEMI
    Assistant General Counsel                       Assistant Litigation Deputy

/s/ Thomas McCray-Worrall
Thomas McCray-Worrall
thomas.mccray-worrall@cfpb.gov
202-435-9683
Elizabeth France
elizabeth.france@cfpb.gov
202-435-7694
*Litigation Attorneys*

Patrick Gushue
patrick.gushue@cfpb.gov

202-435-9671
Jonathan Urban
jonathan.urban@cfpb.gov
202-435-7371
Stephen Jacques
Stephen.jacques@cfpb.gov
202-435-7368
*Enforcement Attorneys*

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on March 13, 2017, via ECF upon counsel of record in this action:

>John D. Smith
>140 North Main Street, Suite B
>Springboro, Ohio 45066
>
>Sean Ponist
>Georgia Schneider
>Law Office of Sean Ponist, P.C.
>100 Pine Street, Suite 1250
>San Francisco, CA 94111
>
>Allyson Baker
>Venable LLP
>575 7th Street, NW
>Washington, DC 20004

/s/ Thomas McCray-Worrall
Thomas McCray-Worrall

---

8

Counter-defendant's Motion in Limine to Exclude Communications and Testimony of Witnesses
Case No. 3:15-cv-02106-RS

ANTHONY ALEXIS (DC Bar #384545)
DEBORAH MORRIS (Admitted to the NY Bar)
MICHAEL G. SALEMI (IL Bar #6279741)
PATRICK GUSHUE (PA Bar #306966)
JONATHAN URBAN (CO Bar #44190)
STEPHEN JACQUES (DC Bar # 464413)
THOMAS MCCRAY-WORRALL (Admitted to the MD Bar)
ELIZABETH FRANCE (DC Bar #999851)
thomas.mccray-worral@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9671
Fax: 202-435-7329
Attorneys for Counter-defendant
Consumer Financial Protection Bureau

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | Case No. 3:15-cv-02106-RS |
| Plaintiff, | **[PROPOSED] ORDER GRANTING COUNTER-DEFENDANT'S MOTION IN LIMINE TO EXCLUDE COMMUNICATIONS AND TESTIMONY OF WITNESSES** |
| v. | |
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., LOAN PAYMENT ADMINISTRATION LLC, AND DANIEL S. LIPSKY, | Judge:     Hon. Richard Seeborg
Courtroom:  Courtroom 3, 17th Floor
            450 Golden Gate Ave.
            San Francisco, CA 94102 |
| Defendants. | |
| ---------------------------------------------- | |
| NATIONWIDE BIWEEKLY ADMINISTRATION, INC., | |
| Counter-claimant, | |
| v. | |
| CONSUMER FINANCIAL PROTECTION BUREAU, | |
| Counter-defendant. | |

**[PROPOSED] ORDER**

The Court, having considered Counter-defendant Consumer Financial Protection Bureau's motion in limine to exclude communications and testimony of witnesses on behalf of Counter-claimant Nationwide Biweekly Administration, Inc., the papers filed in support of said motion, any papers filed in response, the parties' arguments, and all relevant authorities, hereby GRANTS Counter-defendant's motion to exclude communications and testimony and ORDERS that Counter-claimant is barred from using previously undisclosed communications with the Ohio Attorney General's Office, or from calling at trial Sonia Himmelberg to testify in her individual capacity, or from calling Glenn V. Whitaker, Helen Mac Murray, or any previously unnamed or undetermined individuals at T.D. Bank, N.A.; Bank of America, N.A.; BMO Harris Bank, N.A.; Charles Schwab; and JP Morgan Chase Bank.

**IT IS SO ORDERED**.

Dated: _____  _____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE