ANTHONY ALEXIS (DC Bar #384545)
DEBORAH MORRIS (Admitted to the NY Bar)
MICHAEL G. SALEMI (IL Bar #6279741)
PATRICK GUSHUE (PA Bar #306966)
JONATHAN URBAN (CO Bar #44190)
STEPHEN JACQUES (DC Bar # 464413)
THOMAS MCCRAY-WORRALL (Admitted to the MD Bar)
ELIZABETH FRANCE (DC Bar #999851)
Patrick.Gushue@cfpb.gov
1700 G Street NW
Washington, DC 20552
Phone: 202-435-9671
Fax: 202-435-7329
Attorneys for Plaintiff
Consumer Financial Protection Bureau

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONWIDE BIWEEKLY ADMINISTRATION, INC., LOAN PAYMENT ADMINISTRATION LLC, AND DANIEL S. LIPSKY,<br><br>　　　　　　　　　　Defendants.<br>----------------------------------------------<br>NATIONWIDE BIWEEKLY ADMINISTRATION, INC.,<br><br>　　　　　　　　　　Counter-claimant,<br><br>　　v.<br><br>CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>　　　　　　　　　　Counter-defendant. | Case No. 3:15-cv-02106-RS<br><br>**PLAINTIFF'S MOTION IN LIMINE TO ADMIT CONSUMER COMPLAINTS PURSUANT TO FED. R. EVID. 807**<br><br>Judge:　　　Hon. Richard Seeborg<br>Courtroom:　Courtroom 3, 17th Floor<br>　　　　　　450 Golden Gate Ave.<br>　　　　　　San Francisco, CA 94102 |

## MOTION TO ADMIT CONSUMER COMPLAINTS

Plaintiff Consumer Financial Protection Bureau (Bureau) moves this Court, pursuant to this Court's Standing Order Guidelines for Final Pretrial Conference ¶ D(2),[1] to admit consumer complaints relating to the deceptive marketing and enrollment practices engaged in by Defendants Nationwide Biweekly Administration, Inc. (Nationwide), Loan Payment Administration LLC (LPA), and Daniel S. Lipsky (Lipsky).

Consumer complaints are admissible under Fed. R. Evid. 807 because they have circumstantial guarantees of trustworthiness and because reasonable efforts would not produce evidence that is more probative than the contemporaneous consumer complaints. The complaints in this matter attest to consumers' impressions of Defendants' mailers and comprehension of the fees charged by Defendants for enrollment in the Interest Minimizer Program (IM Program). The complaints present circumstantial guarantees of trustworthiness and are the most probative direct evidence reasonably available to demonstrate that Defendants' mailers and enrollment calls misled and deceived consumers. Comparable proof to consumer complaints would require the live, repetitive testimony of hundreds of consumers, which would be unreasonably cumulative, cumbersome and inefficient, both for the parties and the Court. Moreover, Defendants provided contemporaneous written rebuttals to each of the consumer complaints, further reinforcing the underlying facts and assertions.

## STATEMENT OF ISSUES TO BE DECIDED

Whether, pursuant to Federal Rule of Evidence 807, the Court should admit as evidence consumer complaints relating to Defendants' marketing and enrollment practices.

## STATEMENT OF RELEVANT FACTS

During the course of its investigation of the Defendants, the Bureau collected hundreds of consumer complaints relating to Defendants' marketing and enrollment practices. S*ee* Exhibits A and C. These complaints originated from a variety of independent sources that include the Bureau's Office of Consumer Response, the Better Business Bureau (BBB), and state attorneys general. *See Id*. Generally,

---

[1] While the Bureau's Motion to Strike Defendants' Jury Demand remains pending, it is unclear whether the parties should follow this Court's Guidelines for Final Pretrial Conference in Bench Trials or Guidelines for Final Pretrial Conference in Jury Cases. However, the same requirements for filing motions in limine apply under what is ¶ D(2) in each set of Guidelines.

Plaintiff's Motion in Limine to Admit Consumer Complaints
Case No. 3:15-cv-02106-RS

1

Defendants provided contemporaneous written responses to these consumer complaints. *See Id.* For purposes of this motion, these consumer complaints are summarized in the attached Declaration of Shaunte Johnson dated December 7, 2016. *See* Ex. D.

There are two categories of complaints and related correspondence that the Bureau is moving to have admitted. The first category includes consumer complaints and related correspondence made to the BBB from May 13, 2013 and May 13, 2016 and produced to the Bureau in response to a Fed. R. Civ. P. 45 subpoena.[2] *See* Exhibit A (BBB000054 – BBB000863). The second category includes consumer complaints and related correspondence that Defendants produced to the Bureau during the Bureau's investigation and during the course of discovery. *See* Exhibit C (NBA004073-NBA005093).[3] These include complaints filed directly with Defendants, complaints that originated with state attorneys general and state banking regulators, as well as those filed with the BBB and the Bureau's Office of Consumer Response.

For these two categories of complaints and related correspondence, the consumer complaints made prior to November 2015 predominantly reflected Defendants' marketing and enrollment practices at issue in this litigation. For example, consumers complained that they did not know about Defendants' setup fee or were confused about the fees and costs associated with the IM Program, *see* Ex. D, and that they believed they had called their own lenders or that Nationwide was associated or affiliated with their lenders. *See* Ex. D. Consumer complaints about Defendants increased after November 2015 as consumers complained about Defendants' cessation of the IM Program. However, there were still many complaints filed after November 2015 relating to the deceptive practices at issue in this case. *See, e.g.,* Ex. A, at BBB000564 (noting a January 7, 2016 complaint alleging that "[Nationwide] did not tell us about a start up fee while rushing us to electronically sign the paperwork, but it was in the fine print").

**ARGUMENT**

---

[2] These complaints were produced by the BBB and includes a "Declaration Certifying Records of Regularly Conduced Business Activity." *See* Exhibit E.

[3] These complaints were produced by the Defendants in response to the Bureau's June 13, 2014 Civil Investigative Demand, *See* Exhibit G, and includes a "Declaration Certifying Records of Regularly Conduced Business Activity," *See* Exhibit H.

2

Plaintiff's Motion in Limine to Admit Consumer Complaints
Case No. 3:15-cv-02106-RS

Under Rule 807, evidence is admissible when the court finds that (a) the evidence has circumstantial guarantees of trustworthiness similar to those present in the traditional hearsay exceptions; (b) the evidence is offered as evidence of a material fact; (c) the evidence is more probative than other evidence that could be obtained by reasonable means; (d) the general purpose of the Federal Rules of Evidence and the interests of justice would be best served by admitting the evidence; and (e) the proponent of the evidence gives the adverse party "reasonable notice" of the proponent's intention to introduce the evidence, so that the party has a fair opportunity to meet it. Fed. R. Evid. 807.

Courts have broad discretion to admit evidence using the residual exception, as long as "the proffered evidence has trustworthiness equivalent to that of the enumerated hearsay exceptions." *FTC v. Figgie Int'l, Inc.,* 994 F.2d 595, 608 (9th Cir. 1993) (*citing Larez v. City of Los Angeles*, 946 F.2d 630, 642 (9th Cir.1991)).

**I. Consumer Complaints Relating to Defendants' Marketing and Enrollment Practices Should Be Admitted for the Truth of the Matters Asserted Therein**

Consumer complaints submitted to the Bureau, the BBB, state attorneys general, and similarly reliable sources are admissible for their truth under the residual exception to the hearsay rule, Fed. R. Evid. 807. Rule 807 allows for the admission of out of court statements not otherwise covered by the hearsay exceptions in Rule 803 and 804.

Numerous circuits, including the Ninth Circuit, have held that consumer complaints, including letters, emails, and other forms of complaints, are admissible under Rule 807. *See, e.g., FTC v. Figgie Int'l, Inc.,* 994 F.2d 595, 608-09 (9th Cir. 1993) (upholding admission of consumer complaint letters); *FTC v. Ewing*, No. 2:07–CV–00479–PMP–GWF, 2014 WL 5489210 (D. Nev. Oct. 29, 2014); *FTC v. Cyberspace.com*, No. Coo-1806L, 2002 WL 32060289, at *3 n.5 (W.D. Wash. July 10, 2002).[4] Courts have similarly concluded that consumer declarations may be admitted under the residual exception to the

---

[4] *See also FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 576 (7th Cir. 1989) (affirming ruling that consumer declarations are admissible); *FTC v. Kuykendall*, 312 F.3d 1329, 1343 (10th Cir. 2002) (affirming ruling that consumer declarations and consumer complaints are admissible), aff'g evid. ruling, vac'g on other grounds, 371 F.3d 745, 767 (10th Cir. 2004) (en banc); *FTC v. AMG Serv., Inc.*, No. 2:12-cv-00536 –GMN-VCF, 2014 WL 317781, at *15-16 (D. Nev. Jan. 28, 2014).

hearsay rule. *See, e.g., FTC v. Zamani,* Civ. No. 09-0977, 2011 WL 2222065, at *1 (C.D. Cal. June 6, 2011) (finding complaints filed with FTC and consumer declarations admissible).[5]

### A. The Consumer Statements Have Circumstantial Guarantees of Trustworthiness

The consumer complaints are trustworthy. The complaints were submitted by numerous unrelated members of the public in different cities and states to various independent sources, including the State Attorneys General, the BBB, and the Bureau's Office of Consumer Response, among others. *See* Ex. A and C. These complaints also describe similar factual accounts of consumers' experiences with NBA, including what they understood about fees and what they misunderstood about the Defendants' affiliation with their lenders. *See* Ex. D; s*ee, e.g., Figgie*, 994 F.2d at 608 (finding that consumer complaints have the "necessary circumstantial guarantees of trustworthiness" because they "reported roughly similar experiences" and because "the declarants had no motive to lie"); *Zamani*, 2011 WL 2222065, at *1 (finding that consumer complaints "identify the declarants with specificity and recite similar factual accounts about the consumer-declarants' experiences [] during the time period at issue in this lawsuit"); *Ewing*, 2014 WL 5489210, at *2 (were made independently by numerous unrelated consumers to different sources, and they report "roughly similar experiences"); *AMG*, 2014 WL 317781, at *15-16; *Cyberspace.com*, 2002 WL 32060289, at *3 n.5.

Additionally, because consumers filed complaints shortly after their interaction with Defendants, there is little risk of the hearsay dangers of faulty perception, memory, or meaning. *See Figgie*, 994 F.2d at 608. Moreover, Defendants provided nearly contemporaneous written rebuttals to each of these complaints, corroborating the underlying facts of the consumer's complaint (e.g. contents of the marketing material, when and how the consumer enrolled, what was said during the enrollment call, etc.), which bolsters the reliability of the facts asserted in the consumers' narrative.[6]

---

[5] *See also F.T.C. v. Magazine Solutions, LLC*, No. CIV.A. 7-692, 2009 WL 690613, at *3 (W.D. Pa. Mar. 16, 2009) (granting the FTC's motion to pre-admit consumer declarations); *FTC v. Direct Benefits Group, LLC*, Civ. No. 6:11-1186, 2012 WL 5508050, at *1-2 (M.D. Fla. Nov. 14, 2012) (granting motion to pre-admit consumer complaints and declarations, and denying defendants' motion to exclude declarations, BBB complaints, and other materials); *FTC v. Kitco*, 612 F. Supp. 1282, 1294 (D. Minn. 1985) (admitting the 20 signed and sworn affidavits of consumers who did not appear as witnesses.).

[6] Many of these complaints include responses or rebuttals by the Defendants. Not only are these documents admissible under Fed. R. Evid. 807 for the same reasons discussed here, but they are also business records admissible under Fed. R. Evid. 803.

### B. The Complaints Offer Evidence of Material Facts

The Bureau offers the consumer complaints as evidence of material facts. They show that consumers who received mailers from Defendants and enrolled in Defendants' IM Program were deceived into believing that Defendants' mailers were from the consumer's mortgage lender or servicer or that the only fee associated with Defendants' IM Program was Defendants' $3.50 biweekly debit fee. *See* Ex. D. While the Bureau is not obligated to prove that consumers were actually deceived by Defendants' marketing and enrollment practices, "such proof is highly probative to show that a practice is likely to mislead consumers acting reasonably under the circumstances." *See FTC. v. Cyberspace.com, LLC*, 453 F.3d 1196, 1201 (9th Cir. 2006). Thus, the consumer complaints focus squarely on facts material to this Court's determination of Defendants' liability and the extent of consumer harm.

### C. The Complaints are More Probative than Other Evidence Reasonably Obtainable

Consumer complaints are the most probative evidence of consumer deception that the Bureau could obtain through reasonable means. The Bureau cannot make a similar showing without calling hundreds of consumers to testify to facts already memorialized in writing. Bringing in numerous complainant witnesses from across the country would be burdensome for such witnesses, and unlikely to produce more reliable evidence than the complaints themselves, which were written near in time to the consumers' receipt of the deceptive mailers. As the court noted in *Figgie*, bringing individual complainants "into court to swear, under oath and subject to cross-examination . . . would not be reasonable," concluding that "testimony from the [complainants] is not likely to be more reliable than the [complaints] themselves." *Figgie*, 994 F.2d at 608-09 (*citing Dallas County v. Commercial Assurance Co.,* 286 F.2d 388 (5th Cir. 1961)) (contemporary report of a fire in a newspaper article "is more reliable, more trustworthy, more competent evidence than the testimony of a witness called to the stand fifty-eight years later.").

Moreover, calling all the complainants as witnesses would be an unnecessary use of this Court's time, and unreasonably cumulative, cumbersome, expensive, and inefficient for the parties. Here, Defendants ran a telemarketing operation that reached consumers nationwide. Courts in similar circumstances have admitted consumer complaints instead of requiring an excessive number the

consumers to testify at trial. *See, e.g., Amy Travel Serv.*, 875 F.2d at 576; *Direct Benefits Grp.*, 2012 WL 5508050, at *1 ("[I]t is not reasonable to expect that the Commission would call all—or even a significant percentage—of the consumers who complained. Using the [statements of the consumers] will save expense and delay."); *Magazine Solutions*, 2009 WL 690613, at *3 ("Admission of the consumer complaints would also eliminate the needless expense of bringing in hundreds of consumers from across the country to testify to what is essentially already written down in complaint form.").

Consumer complaints are probative of the fact that consumers were misled, confused, or deceived as a result of Defendants' marketing and enrollment practices. Admitting these consumer complaints in advance of the trial will conserve the resources of the parties and the Court.

**D. Admitting the Complaints Serves the General Purpose of the Rules of Evidence and the Interests of Justice**

The complaints have numerous indicia of reliability, and the complaints are more probative than other evidence reasonably obtainable. Therefore, admitting the evidence best serves the interests of justice. The primary goal of the Federal Rules of Evidence is to make relevant evidence admissible. *Figgie*, 994 F.2d at 609. Here, the complaints are highly relevant and probative of Defendants' marketing and enrollment practices and consumers' experiences with Defendants' IM Program. Indeed, reasonable efforts would not produce evidence that is more probative than these contemporaneous complaints. *See Cyberspace.com*, 2002 WL 32060289, at *3 n.5 (noting that "bringing each complainant into court to testify . . . would not necessarily result in testimony that is any more trustworthy than the complaints themselves"). Moreover, if the complaints are not admitted, comparable proof would require the live, repetitive testimony of many consumers. And, as the court noted in *AMG*, "if the FTC were not permitted to admit [consumer complaints] under Rule 807, FTC enforcement actions would be effectively halted and the agency would be barred from presenting the core information it uses to initiate investigations and prosecute cases." 2014 WL 317781, at *16.

**E. Defendants Received Reasonable Notice**

The Bureau fulfilled the requirements of Fed. R. Evid. 807(b), which requires the proponent of the evidence to provide reasonable notice to the opposing party of its intent to offer such statements, including every declarant's name and address. First, the Bureau identified these specific consumer

complaints as evidence on which it intended to rely on September 14, 2016. *See* Ex. F. Specifically, in response to multiple of Defendants' Requests for Production, the Bureau identified and produced all of the above categories of consumer complaints. *See id.* Second, the Bureau put Defendants on notice of its intention to use these complaints and declarations upon the filing of its Motion for Summary Judgment on December 8, 2016, where the Bureau cited to these complaints and declarations. *See* Dkt. No. 124, at 10, 15 and 19. Therefore, the Bureau has satisfied the requirements of Fed. R. Evid. 807(b) by providing sufficient notice to Defendants of the Bureau's intention to use these materials at trial.

## CONCLUSION

For the foregoing reasons, the Bureau respectfully asks that this Court admit the consumer complaints and declarations pursuant to Fed. R. Evid. 807.

Date: March 13, 2017

ANTHONY ALEXIS
Enforcement Director

DEBORAH MORRIS
Deputy Enforcement Director

MICHAEL G. SALEMI
Assistant Litigation Deputy

*/s/ Jonathan Urban*
Jonathan Urban
jonathan.urban@cfpb.gov
202-435-7371
Patrick Gushue
patrick.gushue@cfpb.gov
202-435-9671
Stephen Jacques
Stephen.jacques@cfpb.gov
202-435-7368
*Enforcement Attorneys*

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on March 13, 2017, via ECF upon counsel of record in this action:

John D. Smith
140 North Main Street, Suite B
Springboro, Ohio 45066

Sean Ponist
Georgia Schneider
Law Office of Sean Ponist, P.C.
100 Pine Street, Suite 1250
San Francisco, CA 94111

Allyson Baker
Venable LLP
575 7th Street, NW
Washington, DC 20004

/s/ Jonathan Urban
Jonathan Urban
jonathan.urban@cfpb.gov
202-435-7371
*Enforcement Attorney*

Consumer Financial Protection Bureau
1700 G Street NW
Washington, DC 20552

---

8
Plaintiff's Motion in Limine to Admit Consumer Complaints
Case No. 3:15-cv-02106-RS