UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU,<br><br>            Plaintiff,<br><br>    v.<br><br>NATIONWIDE BIWEEKLY ADMINISTRATION, INC., et al.,<br><br>            Defendants. | Case No. 15-cv-02106-RS<br><br>**ORDER GRANTING MOTION TO STRIKE JURY DEMAND** |

The motion of plaintiff Consumer Financial Protection Bureau ("CFPB") to strike as untimely the jury demand first presented by defendants in their amended answer (and restated in subsequent amendments) has been submitted without oral argument, pursuant to Civil Local Rule 7-1(b).  The motion will be granted.

There is no dispute that defendants' original answer in this action, filed July13, 2015, contained no jury demand.  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, defendants had up to fourteen days after that answer was filed to serve and file a jury demand—*i.e.*, until July 27, 2015.  Defendants did not do so.

Defendants contend that the jury demand contained in their amended answer—filed on August 10, 2015—is nevertheless timely given (1) their right under Rule 15 to amend as a matter of course once within twenty-one days, and (2) the fact that CFPB encouraged them to file such an amendment and the parties then stipulated to extend the time for doing so.  This argument is a *non sequitur*.  There is no doubt that defendants were permitted to amend their answer as a matter of

course anytime up to twenty-one days after filing it. That, however, does not somehow change or extend the fact that they had only *fourteen* days after filing the original answer within which to make the jury demand.[1]

Nor does the fact that CFPB allegedly encouraged an amendment, nor the fact the parties stipulated to extend time to amend, change the analysis. Even assuming that parties can stipulate to extend the deadline for making a jury demand, nothing in the stipulation here mentioned any jury demand. Moreover, by the time the stipulation was filed on July 30, 2015, defendants' deadline for demanding a jury had already expired.

Ninth Circuit law is well-settled that the court has discretion to relieve a party from its failure to make a timely jury demand only in very limited circumstances. The court in *Pacific Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000 (9th Cir. 2001) surveyed the precedents and summarized the rule:

> The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one . . . . That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence. *Lewis v. Time Inc.*, 710 F.2d 549, 556–57 (9th Cir.1983); *see also Chandler Supply Co. v. GAF Corp.*, 650 F.2d 983, 987–88 (9th Cir.1980). An untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown. *See Mardesich v. Marciel*, 538 F.2d 848, 849 (9th Cir. 1976); *see also Russ v. Standard Ins. Co.*,120 F.3d 988, 989–90 (9th Cir. 1997) (holding that the district court could not employ another rule to circumvent this circuit's prohibition on granting untimely jury demands due to inadvertence); *Kletzelman v. Capistrano Unified Sch. Dist.*, 91 F.3d 68, 71 (9th Cir. 1996) (denying untimely jury demand when due to counsel's oversight and inadvertence); *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 910 (9th Cir. 1983) (holding district court's denial of untimely jury demand not an abuse of discretion where counsel's inadvertence was the only reason shown).

*Pacific Fisheries*, 239 F.3d at 1002 (some citations and footnote omitted).

---

[1] Where an amended pleading raises new issues, the time period to demand a jury trial may be revived as to those issues. *See Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1066 (9th Cir. 2005). Defendants do not, and could not, make any argument that principle is relevant here.

Here, defendants have offered no evidence, or even argument, that the failure to make a timely demand for a jury could reasonably be characterized as anything other than oversight or inadvertence. Accordingly, there is no basis for the Court to exercise discretion to relieve defendants from their waiver. *See also*, *Lutz*, *supra*, 403 F.3d at 1065 n.4 ("In any event, had the district judge ordered a jury trial under Rule 39(b), he would have abused his discretion.")

Defendants also argue that CFPB should be estopped from challenging the timeliness of the jury demand, or that it has waived the timeliness objection, given that it did not raise the issue until trial was imminent. Defendants point to the fact that CFPB vigorously litigated other aspects of defendants' answers and counterclaims, and signed off on joint case management statements referencing defendants' jury demand, without ever raising the timeliness issue. Defendants also argue a handful of district court opinions, primarily from other circuits, and one Fifth Circuit decision show a party's delay in moving to strike a jury demand can sometimes justify denying relief. Defendants have not established, however, that the CFPB's delay here calls for its motion to be denied under any controlling precedent.

Finally, defendants also effectively concede they have no jury right on their counterclaims against the CFPB, a governmental agency. Although they contend the jury should hear those claims in an advisory capacity, their argument presupposes they have not waived a jury on the claims against them. There is certainly no basis to empanel a jury solely to act in an advisory capacity on the counterclaims.

Accordingly, the CFPB's motion to strike defendants' jury demand is granted. This matter remains set for trial—bench trial—commencing on April 24, 2017, with a pretrial conference to be held on April 7, 2017 at 10:00 a.m.

1   **IT IS SO ORDERED**.

3   Dated: March 23, 2017

_____
RICHARD SEEBORG
United States District Judge