UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE BIWEEKLY ADMINISTRATION, INC., et al., <br><br> Defendants. | Case No. 15-cv-02106-RS <br><br> **ORDER GRANTING ADMINISTRATIVE MOTION FOR LEAVE TO FILE "CORRECTED" MOTION WITHOUT PREJUDICE AND EXTENDING BRIEFING SCHEDULE** |

On December 7, 2017, the deadline in this action for bringing motions under Rule 59 of the Federal Rules of Civil Procedure, defendants/counter-claimants filed two motions invoking that rule and Rule 60. The first motion, filed at Docket No. 341, is captioned as brought on behalf of "defendants," and seeks relief from the portion of the judgment imposing civil penalties. The second motion, Dkt. No. 342, is labeled as brought on behalf of "cross-complainants."[1] The body of that motion, however, merely substitutes "cross-complainants" for "defendants" throughout, and otherwise appears to be identical to Docket No. 342. Upon any review of the two documents, it would immediately be apparent that some kind of filing error had occurred.

On December 8, 2017, defendants/counter-claimants filed a motion seeking leave to file a "corrected" version of Dkt. No. 342. The "corrected" motion seeks relief from the portion of the

---

[1] As plaintiff points out, there are no "cross-complainants" in this action. The intent to refer to "counter-claimants" is obvious, however.

judgment denying relief on the counter-claims.  As plaintiff points out, this is not merely a "correction" to some aspect of the prior document; it is effectively a new motion.  It is also apparent, though, that the motion was not timely-filed as the result of a document-processing error (and a subsequent failure to review the document before and immediately after the electronic filing)—there is no reason to doubt that the correct motion had been drafted and was ready to be filed by the deadline.

Plaintiff opposes the motion for leave to file the "corrected" document on grounds that a district court has "no power to extend the time for filing a Rule 59(e) motion." *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993). Defendants/counter-claimants suggest equitable exceptions may exist, but it is far from clear any such exception would be available on these facts, where the fault was the party's alone. *Cf., Pahuta v. Massey-Ferguson*, 997 F. Supp. 379 (W.D.N.Y. 1998) (finding consideration of late motion appropriate under the "unique circumstances" that it had been filed in reliance on court's incorrect scheduling order).

To the extent the "corrected" motion seeks relief under Rule 60, the time bar is not an issue.  Fed. R. Civ. P. 60(c) ("A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").  Accordingly, the request for leave to submit the "corrected" motion is granted, without prejudice to a subsequent determination that any relief under Rule 59 is time-barred.

The parties report an agreement to extend the briefing schedule in light of the holidays, should leave be granted as to the "corrected" motion.   The extended deadlines shall apply both to the "corrected" motion and to the motion challenging the civil penalties, Dkt. No. 341. Oppositions are due January 8, 2018, with replies due January 18, 2018.  The motions were not set for hearing, and will be decided without oral argument unless subsequently ordered otherwise.

**IT IS SO ORDERED**.

Dated: December 14, 2017

_____
RICHARD SEEBORG
United States District Judge